EARLY *against* MAHON:

THIS was an action of *assumpsit*, tried at the *Delaware* Circuit, in *June*, 1820, before Mr. Chief Justice *Spencer*.

The plaintiff lent the defendant certain sums of money, for which the defendant gave a bond and warrant of attorney, in which bond was included usurious interest on the money lent. A judgment was entered up on the bond, in the Court of Common Pleas of *Delaware* county; and the Court, afterwards, on motion for that purpose, set aside the judgment on the ground of usury. The defendant, afterwards, promised to pay the plaintiff the original sum actually borrowed, but not the usurious interest contained in the bond. On this promise, the present suit was brought. At the trial, the plaintiff produced the bond and note, which had also been given by the defendant, and offered to deliver them up, to be cancelled.

The Chief Justice was of opinion that the actual money lent, was a sufficient consideration to support the promise of repayment, though the securities taken were usurious and void; and the jury, under his direction, found a verdict for the plaintiff, for 569 dollars and 84 cents, subject to the opinion of the Court, on a case to be made.

*Sherwood*, for the plaintiff: 1. The bond being void, for usury, the original debt was not thereby merged. (1 *Chitty Pl.* 96. 1 *Saund.* 295. *a.* 6 *East*, 241.) By the act to prevent usury, (1 *N. R. L.* 64.) all securities, &c. taken upon usury, are "utterly void." In *Philips* v. *Cockyane*, (3 *Camp. N. P. Rep.* 119.) Lord *Ellenborough* said, that if there was once a valid subsisting debt, it cannot be destroyed by a void security. So, in *Gray* v. *Fowler*, (1 *H. Bl.* 464.) it was decided that a *bona fide* debt was not destroyed, by being mixed with an usurious contract relating to it. Where an annuity and a judgment entered up on a bond and warrant of attorney given for its security, were set aside, at the instance of the grantor, as being void within

Where a bond and warrant of attorney had been given as security for an usurious loan, and judgment entered up on the bond, which was set aside by the Court on the application of the defendant, who, afterwards, promised to pay the original debt, or sum actually lent; in an action of *assumpsit*, on this promise, it was *held*, that, notwithstanding the usurious security, the money actually lent remained a debt in equity and conscience, and was a sufficient consideration to support an express promise of repayment. And the defendant is not allowed to object, that though the judgment was set aside, the bond still remained valid, contrary to the decision of the Court, and his own admission; but the plaintiff is entitled to judgment on the new promise of the defendant, on stipulating to bring into Court, and cancel the bond and warrant of attorney, or usurious securities.

the annuity act, the grantee was allowed to recover back his money, in an action of *assumpsit.* (*Scurfield* v. *Gowland,* 6 *East,* 241.) The counsel cited also, *White* v. *Cuyler,* 6 *Term Rep.* 176. 1 *Term Rep.* 648. *Wright* v. *Wheeler,* 1 *Camp. N. P.* 165. *note. Id.* 157. *Cowper,* 544. 1 *Lord Raym.* 389. 2 *Vesey,* 567. 2 *Bro. C. C.* 649. 2 *Dallas,* 92.) In *Barnes* and *another* v. *Hedley,* (2 *Taunt.* 184.) where usurious securities given for a loan were, by the mutual consent of the parties, destroyed, and the borrowers then agreed to pay the money actually lent, with the legal interest, the Court of C. P. held, that the promise to pay was founded on a sufficient consideration, and binding.

*Sudam,* contra. The plaintiff comes here to prove his own usurious contract, and a violation of the statute, in order to lay a foundation for his action. The cases cited, merely show, that where the parties to an usurious transaction, will, voluntarily, give up or destroy the usurious securities, and make a new agreement to pay what is honestly and legally due, the new contract shall stand. (*Botsford* v. *Sandford,* 2 *Day's Con. Rep.* 276. 284. *per Gould, J.*) The plaintiff cannot keep the usurious bond, and hold the defendant to his promise to pay the debt which is legally due. The securities tainted with usury, should have been given up, at the time the new promise was made. Here the plaintiff did not offer to surrender the bond, until the trial. Usury, at the common law, was an offence punishable by fine and imprisonment ; it was considered as an act of moral turpitude.(*a*)

*Sherwood,* in reply, said, that the cases which he had cited would show that the Courts did not consider usury as *malum in se,* but merely as *malum prohibitum.* That in *Scurfield* v. *Gowland,* the Court of K. B. did not consider the giving up the bond or usurious securities, as the consideration for the new promise ; but the original debt or money actually lent.

*a Vide* 3 *Inst.* 150. " Usury," says Lord *Coke,* " is directly against the law of God ; and the reason wherefore it was permitted by the law of God, from an *Hebrew* to an infidel, was, because it was a mean either to exterminate or to depauperate them." " Usury is not only against the law of God, and the laws of the realm, but against the law of nature."

Spencer, Ch. J. delivered the opinion of the Court. There are two questions presented by the case : 1. Whether, when money has been lent upon an usurious contract, and the contract is afterwards vacated, there yet exists such a moral and equitable duty on the part of the borrower, that a subsequent promise by him to pay the money actually lent, can be enforced at law, in an action founded on the promise ? 2. Whether we are to consider the original usurious contract, in this case, as put out of question, either on the ground of its being void, or on the ground, that the judgment has been vacated ?

1. The case of *Barnes* v. *Headley*, (2 *Taunt. Rep.* 182.) contains all the authorities and decisions in the *British* Courts, on the first point ; and, in my opinion, places the validity of the promise, and the sufficiency of the consideration, beyond a doubt. In that case, the original security was confessedly usurious ; it was, by mutual consent, delivered up and cancelled, and the borrowers promised to repay the principal and interest ; and it was decided, that the plaintiffs were entitled to recover the principal and legal interest. It was an issue out of Chancery, and the Judges merely certified the result of their decision, without giving their reasons at large. It has been repeatedly decided in this Court, that an equitable or moral duty is a sufficient consideration for an actual promise to pay. In *Hawkes* v. *Saunders*, (*Cowp.* 289.) *Buller*, J. said, " if such a question were stripped of all authority, it would be resolved, by inquiring, whether law were a rule of justice, or whether it was something that acts in direct contradiction to justice, conscience and equity ; but (he added) the matter has been repeatedly decided." I consider it entirely settled, that notwithstanding the security be usurious, the money lent is a debt in equity and conscience, and ought to be repaid. This principle has long been acknowledged, and acted upon in Courts of equity. (2 *Vesey*, 567. 2 *Brown's Ch. Cas.* 649.) In the latter case, upon an application to set aside a judgment tainted with usury, it was decided, that it could be displaced only by doing what was just, and that it must stand for the money actually paid, with legal interest. In *Rogers* v. *Rathburn*, (1 *Johns. Ch. Cas.* 367.) the Chancellor pro-

nounced it to be a settled principle, that he who seeks equity, must do equity; that if the borrower came into that Court for relief against his usurious contract, he must do what is right, as between the parties, by bringing into Court the money actually advanced, with the legal interest; and that then the Court would lend him its aid, as against the usurious excess. The statute to prevent usury, (1 *N. R. L.* 64.) after regulating the rate of interest, and forbidding a higher rate than seven per cent. per annum, to be taken, declares, that all bonds, bills, notes, contracts and assurances upon, or for any usury, by which there shall be reserved or taken, or secured, or agreed to be reserved or taken, above seven per cent. shall be utterly void. This provision of the statute relates wholly to the contract; and it makes that entirely void. Hence, it has been frequently held, that where there was an antecedent valid debt, and a security was given by the debtor, reserving illegal interest so as to be usurious, that the security being void, the pre-existing debt might be recovered, if even the security was one of a higher nature. (3 *Camp. N. P.* 119. 1 *Hen. Bl. Rep.* 462.) I do not mean to say, that in this case, the plaintiff can recover, on the ground that the defendant has had his money, and the bond he took for it was void; and, that, therefore, he can maintain an action on the implied assumpsit. Here, the lending, and the usurious agreement, were cotemporaneous acts; the usury infected the whole transaction; but I do say, in the words of Mr. Justice *Lawrence*, " the usury could not annihilate the sum of money itself, nor the fact of the receipt of the money;" and it does not admit of a doubt, that the defendant having had the plaintiff's money, without any consideration or security, but a void bond, the promise subsequently to repay this money, was founded on a moral and equitable duty. In *Fitzroy* v. *Gwillim*, (1 *Term Rep.* 153.) in trover for goods which had been pledged for money advanced on an usurious contract, it was held, that to entitle the plaintiff to recover, it was necessary to prove a previous tender of the money actually due. This was a recognition by a Court of law, of the principle adopted in Courts of equity, that although the contract was void, there was yet a subsisting

duty on the part of the borrower. It is observable, too, that the plaintiff has not committed an act which is *malum in se*, but *malum prohibitum* merely ; and this distinguishes this case from giving money to one to commit a crime. In such case, it could not be recovered back, even upon a promise to restore it; and, it is to be borne in mind, that the present contract is free from usury.

2. Upon the second point, the case shows, that the contract was, that a bond and warrant of attorney were to be given to secure the loan, and they were given accordingly. Judgment was entered up by virtue of the warrant, and that judgment has been set aside ; the Court which set aside the judgment, did not, however, pronounce the bond to be void. The case of *Scurfield* v. *Gowland*, (6 *East*, 241.) bears strongly on this part of the subject. In that case, the defendant had granted to the plaintiff an annuity secured by a deed, bond and warrant of attorney, on which judgment was entered. The defendant applied to set aside the judgment, for a mistake in the memorial, and to have the securities cancelled. The Court set aside the judgment, but made no order as to the deed or bond, and there was no proof of any offer to cancel them. The plaintiff brought an action for money had and received, to recover the money advanced, and the objection was taken, that *assumpsit* would not lie, the plaintiff still having his remedy on his bond and deed. Lord *Ellenborough* held, that the plaintiff had contracted for an entire assurance, consisting of several securities, that the defendant had taken away one of his securities, and, therefore, the consideration for the money had failed ; and the Court gave judgment for the plaintiff. I think, however, that the positions advanced by the counsel, are more forcible than the reasons given by the Court. They urged, that the defendant having elected to set aside the annuity, and the Court having pronounced judgment upon its illegality, and vacated the warrant of attorney and judgment given to secure it, it was not competent to the defendant to set up the objection, upon the ground, that the annuity was still secured by subsisting instruments, the illegality of which had been declared ; and that it was nugatory to oblige the plaintiff to bring his action, in the first instance, on the bond

or deed, to put the defendant to plead the special matter, and to show they were void under the annuity act, in order to enable the plaintiff, afterwards, to bring his action to recover the money advanced.

This appears to me to be conclusive reasoning, and directly applicable to this case. The defendant has procured the judgment entered on the bond to be set aside, on the ground, that the bond was void for usury; and he has thus deprived the plaintiff of one of his securities, and prevented his entering up a new judgment. The defendant cannot be heard to say, in opposition to his own act, and the solemn judgment of the Court to which he applied, that the bond is a valid instrument. The defendant, and the Court, have pronounced the bond to be void; and the plaintiff admits that it is void, and has produced it in Court, with an offer to cancel it. It would be nugatory to compel the plaintiff to sue on the bond, that the defendant might avoid it by pleading the usury. I am entirely convinced, that there is no force in the objection, and am of opinion, that the plaintiff should have judgment, stipulating to cancel, and put on file, the bond and warrant of attorney, and the first note.

Judgment for the plaintiff.(a)

(a) Vide *Utica Ins. Co.* v. *Scott, ante,* p. 1—7.