Judge Lane
delivered the opinion of the court:
In the court of common pleas, of March term, 1832, James Turner was indicted for murder. On his arraignment, it was demanded of him in which court he elected to be tried, to which demand he-stood mute. Upon which, the court, “ having advised upon the matter of the prisoner’s standing mute, when interrogated whether he elected to be tried in the Supreme Court, upon the indictment found this term, is of opinion that the court has no jurisdiction of the case, because upon a former indictment for the same cause, the-same prisoner elected to be tried in the Supremo Court, and because the same indictment is still pending and undetermined.” Upon this, Mr. Hunter, the prosecuting attorney, at the November term of the Supreme Court of Fairfield county, moves the court for a mandamus, commanding the judges to proceed in this cause, in such manner that the defendant may be brought to trial, in due-course of law.
By section 3 of the act to organize judicial courts, power is given to the Supreme Court to issue writs of mandamus, and all other writs not specially provided for, to enforce the due administration-of right and justice throughout the state. The occasions upon which the writ is to issue are not pointed out, and it is not necessary to recur to the common law, to learn in what cases the writ is properly applicable.
“ The original nature of the writ,” as is said in 3 Burrows, 1267, “ and the end for which it was formed, direct on *what occasions it shall be used. It was introduced to prevent disorder, from a failure of justice, or a defect of police; therefore it ought to be used upon all occasions where the law has established no specific remedy, and where in justice and good government, there ought to bo one.” It has become aú established remedy, is a matter of every day’s use, to compel courts and magistrates to execute their official duties.
The'most usual object sought by this writ is to exact the execution of some official duty from a ministerial officer; but it is equally applicable to compel courts to do that justice which the law enjoins them to administer. Whenever an inferior court refuses to- *497 exercise .its jurisdiction, the writ of mandamus is the appropriate remedy. Examples are numerous in the books, in which this power has been exercised. It has been issued to the quarter sessions, to compel them to give judgment for abating a nuisance. Andrews, 188. To command them to receive an appeal. Sessions Cases, 248. To the court of Sandwich, to give judgment, in an action of assault and battery. Strange, 113. To a sheriff's court to give judgment in a writ of inquiry. Strange, 392. To the bailiffs of Andover, to give judgment in a depending case. 2 Barnardiston, 259. It has been issued by the Supreme Court of New York, • tq the sessions, to compel them to give judgment. 1 Johns. Cas. 279. To the court of common pleas, to compel them to enter judgment. 1 Johns. Cas. 181; 2 Johns. Cas. 215, 371; 19 Johns. 147. It has been granted in Massachusetts, to compel the court of sessions to enter the verdict of a jury, in the assessment of damages. 9 Mass. 383; 5 Mass. 435. And it has been issued from the Supreme Court of the United States, to a district judge, to cause him to execute his sentence. 6 Cranch, 115. In short, as said by Chief Justice Parker, of Massachusetts, 2 Pick. 414, by this process the superintending court can compel the performance of duty by all the inferior tribunals, whether that duty be ministerial or judicial.
These authorities leave no doubt, that the writ may issue, commanding the court to act; but care is to be-taken that it shall not interfere with the full and legitimate exercise of ^judgment in the court to which it is directed. It is not a remedy adapted to correct errors, or to constrain them to act in a particular manner; although it may compelía judge to proceed to judgment, it will not prescribe what judgment to give. 3. Dali. 45. In all these cases, the full object of the writ is obtained, if it produces the action, and calls forth the exercise of jurisdiction.
In the present case, the prisoner while arraigned on an indictment, before the court of common pleas, stood mute. Instead of instituting an inquiry into the cause of his refusal, aS the law directs, the court, without plea from the defendant, and without affording the attorney for the state the opportunity of contesting the position, assumed the fact that another indictment was pending in this court for the same offense, and that the ^tendency of it destroyed their jurisdiction. If they had gone further’, and quashed the’indictment for the want of jurisdiction, perhaps this might *498 have been the exercise of such a judicial discretion, as would have been beyond the reach of their .power. But this was not done ; the •court abstained altogether from doing anything, and a failure of justice is likely to arise from their want of action. We unite in •the opinion that this is a proper case for a mandamus.
The first process in that case must be a rule to show cause.