*24 By the Court,
Wood, Judge.
,It is contended that the defendants are liable in this suit, inasmuch as an attorney, as a general rule, has authority to bind his principal so far as necessary to fullfil his employment, and as the services of the plaintiff were performed under the direction of the defendants’ attorney, for their benefit, and in the due performance of his duty, they constitute a legal consideration upon which the law raises a promise to pay. To this it may well be answered, that whatever moral obligation rests upon the prosecuting attorney, to prosecute offenses before justices of the peace, the law makes it no part of his duty to do so. The act, 31 O. L. 13, provides that it shall be his duty “ to prosecute for and on behalf of the state, all «omplaints, suits, or controversies in which the state shall be a party, within the county for which he shall have been elected, both in the ■Supreme Court and in the Court of Common Pleas.” It thus appears that (the duty of the county attorney is confined to the Supreme Court and the Court of Common Pleas, and his appearance in an inferior court is a mere voluntary act, for which the county is not liable unless by express contract.
But it is said, the county is liable for the constable’s costs while traveling vñth. his warrant in the state. Without admitting this position in the case at bar, in which the warrant was confessedly issued *against a citizen of another state, with no intention or purpose of its execution in Ohio, no legal or moral obligation required the constable to attempt its execution in Indiana, and an arrest made upon it there was a violation of both public and private right. Services rendered under such circumstances, are both voluntary and without authority of law, and present no legal foundation for an implied promise to pay for them. There is, however, a still more satisfactory objection to the defendants’ liability in this ease. The statute provides, that when a constable is entitled to fees, it shall be the duty of the justice to make out and deliver to him, a transcript of the proceedings containing a bill of the constable’s costs, which the constable shall present to the county auditor, who shall examine the same, correct the errors, if any, in the charges, and draw on the treasurer for the amount allowed in favor of the constable. 29 O. L. 198-9. When the constable presents his transcript to the auditor, if he refuses to perform the duties enjoined upon him by law, he may be compelled by mandamus. Such remedy is plain and adequate ; but the auditor’s refusal to perform his duty, does not, in our opinion, subject the commissioners to liabilty.
*25 We think, therefore, there is no error in the proceedings and judgment of the court of Common Pleas, and affirm the judgment with •costs.