Scott, J.
The first inquiry which arises in the consideration of this case, is, whether, assuming that the clerk and justices should have included all the poll-books returned to the clerk, in their abstract; and that it was the plain duty of the-clerk to have declared the relator duly elected to the office of sheriff of Wyandot county, and to have given him a certificate-of his election; the relator can, at this time, and under the circumstances disclosed by the writ and answer, which constitute the pleadings, call for the intervention of this court by writ of mandamus ?
The writ of mandamus, is, at the common law, “ a high prerogative writ,” employed to prevent a failure of justice, and, therefore, only allowed when a party has no other adequate-specific remedy. It has been said, that “ the most usual object, sought by this writ is to exact the execution of some official duty from a ministerial officer.” 5 Ohio Rep. 542; 9 Ohio Rep. 25. And it has been held, that mandamus lies in all cases-where the relator has a clear legal right to the performance of some official or corporate act by a public officer or corporation, and no other adequate specific remedy. C. W. and Z. Railroad Co. v. The Commissioners of Clinton County, 1 Ohio St. Rep. 78. The provisions of our present civil code upon the subject fully harmonize with the principles of the common law. “ The writ of mandamus may 'be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act, which the law specially enjoins -as a duty resulting from an office, trust or station. But though it may require *322 an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, it can not control judicial •discretion. This writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course ■of the law.” Code, secs. 569, 570.
In considering this question, it may be assumed that the duties of the clerk and justices, the performance of which is here sought to be enforced, are of a ministerial character. The general election laws of this state direct the clerk, with two justices of the peace called to his assistance, to open and make abstracts of the several returns which shall have be'en .made to his office, and they provide that in making such abstracts of votes, the justices and clerk shall not decide on the •validity of the returns, but shall be governed by the number of votes stated in the poll-books, and that no election shall be •set aside for want of form in the poll-books, provided they •contain the substance. S. & C. Stat. 536, 539.
The clerk is also required to make out for each person who has “the highest number of votes given,” a certificate of his election, and deliver the same to him without fee. S. & 0 Stat. 540.
The aggregate results of the. returns, exhibited by the several poll-books, are to be ascertained by arithmetical calculation, and can not be controlled by the discretion of the persons performing the duty. Such counting of votes, making of abstracts, which exhibit the result, and giving cirtificates accordingly, are duties which fall within the province of a clerk and accountant, they admit of no discretion, and are in their nature ministerial. 20 Pick. 484.
The performance of such duties may, therefore, be enforced without assuming to control judicial discretion.
I see nothing, therefore, in the intrinsic nature of the duty which the law in this case enjoined upon the defendant, nor in •the character of his office or station, to prevent the enforce■ment of its proner performance by mandamus. But this writ will only issue m furtherance of substantial justice, and when hhe relator has no other adequate specific remedy. If it be no longer in the power of the defendant to perform the duty *323 •enjoined by the law, or if, having failed to discharge it at the •.proper time, its present execution would no longer be consistent with the substantial rights of other parties, or beneficial to the relator, the writ should not issue. Designed only as a remedy to prevent the failure of justice, it must not be made the minister of injustice, and the law does not require the performance of things which are either impossible or useless. Let us endeavor to apply these principles to the case before us.
The duty of opening the returns, making abstracts and declaring the person having the highest number of votes duly elected, is, by statute, required to be performed within a limited number of days after the election. Had the relator been thus declared duly elected, at the proper time, it would have been the statutory right of Marlow, to whom the certificate of election was improperly given, or of any elector of Wyandot county, who might choose to contest the relator’s right to the office of sheriff, to appeal from this declaration of election, to the court of common pleas of his county, and that court is required by law “ to hear and determine the contest.” But •the times for perfecting such appeal, by entering notice thereof with the clerk of the court, and giving notice to the party declared elected, and for taking depositions in the' case, are fixed by statute with reference to the day of election, and have now expired. The statute directs, the declaration of a candidate’s ■election to be made “ subject to an appeal,” and it can hardly be the duty of this court to require it to be made exempt from all right of appeal, by requiring it at a time when appeal has •ceased to be possible.
The importance, in a government like ours, of preserving the purity of elections, and of ascertaining truly, and rendering effective, the will of the people as fairly expressed through the ballot-boxes, needs no comment. In the accomplishment •of these, purposes, the right of contesting all elections, is perhaps the most efficient agency provided by law. The duty of making such provision is solemnly enjoined upon the legislature, by the constitution of our state. Its language is: “ The general assembly shall determine by law, before what authority, and in what manner the trial of contested elections shall be *324 conducted.” Art. 2, sec. 21. And for the efficient exercise-of this right of contest, provision has at all times been made in the legislation of the state. This is the specific remedy provided by statute for the correction of all errors, frauds and-mistakes which may occur in the process of ascertaining and declaring the true expression of the public will. This controlling policy may not be nullified by the courts of the state,, but should be protected and cherished with the same sedulous-care that the constitution and laws evince.
But were it possible to overcome this difficulty, by applying the doctrine of relation, or a kindred principle, which should regard the time when the duty of the defendant is performed in obedience to the command of the writ as the time fixed by law for its performance, and thus preserve, by fiction, the-right of contest intact; still, other difficulties intervene to prevent the issuing of the writ.
The defendant has once attempted the performance, in good faith, of the duty imposed on him by the statute. We take-for granted that he erred in its performance. Still, he went through all the forms of his statutory duties, in good faith. He opened the returns, made abstracts, and declared Marlow elected, when the declaration should have been in favor of the-relator. Now, conceding that this erroneous performance of a ministerial duty might have been treated as a nullity by the-relator, yet, I think it was clearly sufficient under the statute to give a right of appeal and contest. Marlow was declared duly elected, and this declaration was made through the proper agency, at the proper time and place. Nothing more could be necessary to give the relator the power of contesting, by appeal, the right of the person thus declared duly elected, to-the office.
But in the present case, the relator has thought proper not to regard the action of the clerk and justices as a nullity, but to treat it as the rendition of a judgment, which though erroneous, is made in the exercise of legal jurisdiction, and may,, therefore, be appealed from. He has taken the necessary steps, under the statute, to give full jurisdiction of the whole case, upon his own appeal, to the court of common pleas of *325 Wyandot county. He has filed in that court his notice of appeal, and his testimony taken in the case, and has given no-dice of contest to the party declared duly elected, and the . whole case is now pending before that court, where right and justice may be fully done between the parties to the contest, .and'where the decision and judgment when rendered will be final unless reversed upon error. Having thus treated the defendant as functus officio, and withdrawn the whole subject matter from the sphere of his statutory power of action, it is •difficult to perceive how he can call upon him to take further •action in the case. Can the question as to which of the candidates has been duly elected, be at the same time pending before the clerk and justices, and before the appellate tribunal of the court of common pleas ? And if it can, which of the decisions shall control? Certainly that of the court which ■exercised the higher and appellate jurisdiction. Under these ■ circumstances, of what avail to the relator would it be that the clerk and justices should declare him to have been duly elected sheriff of Wyandot county ? The whole force and effect of such declaration must be nullified or superseded by the ultimate judgment of the appellate court before whom the question is now rightfully pending, and from whose jurisdiction, as I apprehend, it can only be withdrawn by consent of the par-dies. It can be of no practical benefit to the relator to have ■the result of the election, as disclosed by the poll-books, truly ■declared by an inferior board (whether the functions of that board be of a judicial or ministerial character), when the whole ■question is pending before a superior tribunal, clothed with full power, not only to ascertain that result for itself, but' also ■to judge of the validity of the returns as shown'by the poll-'books, and to go behind them and inquire into the legality of >every vote which they exhibit. In this appellate tribunal, the declaration of the clerk and justices would not even be competent evidence for the party in whose favor it is made ; for the appeal vacates, or, at least,- wholly suspends, its operation The law does not, and courts governed by law, can not .require the performance of a vain thing. In the case of The People ex rel. Bailey v. The Supervisors of Greene (12 Bar *326 bour’s S. C. Rep. 217), where it was sought, by peremptory mandamus, to compel the supervivors of the several towns of Greene county (who by statute composed the board of county canvassers), to re-assemble, and include in their canvass and estimate the returns from a certain election district, which in a canvass, previously made, they had excluded, the supreme court of New York, after holding that the supervisors were, as a board of canvassers, fundi officio, and could not, therefore, be re-assembled, and re-invested with the power which they had previously exercised erroneously, proceeded to say, that if this could be done, the result would be fruitless to the relator, inasmuch as the controversy between him and the person previously declared elected could only be settled by an action in the nature of quo warranto. And it was, therefore, said by the court, “ such a revision of the canvass, therefore, if practicable, would produce no beneficial result even to the relator himself. Instead of being an efficacious remedy, the writ, in its operation, would be wholly abortive. When it can be foreseen that this must be the result, the writ should not be granted. Lex non cogit ad inutilia. ‘ The court will refuse the writ/’ says Tapping, ‘ if it be manifest that it must be vain and fruitless, or can not have a beneficial effect.’ ” (Tapping on Mandamus, 17.)
And so, in the case of Shelby et al. v. Hoffman (7 Ohio St. Rep. 450), it was held by this court, that where an inferior state court had improperly refused to certify a case pending-before it, to the proper federal court, and proceed no further therein; and had, on the contrary, proceeded to final judgment, mandamus would not lie to compel the state court to-certify the case as aforesaid; and for the reason, among others,, that, after judgment, this writ would be fruitless, and therefore-no longer an appropriate or adequate remedy.
Under our laws, the relator may not be able to have the result of the election inquired into by quo warranto, but if not, the only reason is, that the statute has furnished the means-for this specific object, by contest. In the present case, such, contest is, in fact, now pending, and the judgment to be rendered therein can not be collaterally impeached by the parties^ *327 to that contest. Com. ex rel. Attorney General v. Garrigues, 28 Penn. St. Rep. 9.
The Indiana and Iowa cases referred to by counsel, in which the writ of mandamus was allowed, differ from the present one, at least in this, that in neither of them, had a contest been instituted by an appeal from the action of the clerk. In the Indiana case, the board of canvassers had declared the relator duly elected, and the clerk had simply re fused to certify accordingly. 2 Carter Rep. 423. ■
It has been suggested, in argument, that the relator’s remedy, by contest, for the grievance complained of, is not “ plain and adequate,” because, as the election laws of the state now stand, it is supposed the relator might have difficulty in securing his full rights in that mode.
It is certain the legislature has intended to interpose no such difficulties, and that in the various modifications or changes of the laws regulating the election of county officers, provision has always been made for the exercise of the right of contest by appeal — which was doubtless intended to be not only a “ plain and adequate,” but the specific and sole remedy. And so it would seem ever to have been regarded, for an attempted correction by mandamus of erroneous acts of officers whom the law employs in the holding of elections, or in the ascertainment and declaration of their results, when those acts may all be fully examined into upon appeal, would, it is believed, be without the sanction of a precedent in the judicial history of the state.
But,, at all events, the relator has resorted to this remedy of contest; all questions m regard to the result of the election, as between Marlow and himself, are now fully open for investigation and decision by the court of common pleas, and whether the statute furnishes adequate facilities for such investigation or does not, the ultimate decision of that court must supersede the action now demanded of the clerk, and conclude the parties; and as the purpose of the writ, if accomplished, would not even be subsidiary in that contest, it must be in vam to allow it. An examination of the *328 further questions, made in argument, is, therefore, uncalled for.
Writ refused.
Peck, C.J., and Brinkerhoee, Ranney and Wilder, JJ., concurred.