By the Court.
 

 It has been repeatedly held by this court that mandamus will not lie where there is a plain and adequate remedy in, the ordinary course of law.
 
 State, ex rel. Tax Commission,
 
 v.
 
 Mills,
 
 103 Ohio St., 172, 132 N. E., 727. See also Section 12287, General Code.
 

 The respondent contends that this action is, in effect, a contest of the nomination of G. K. Allen; that the election laws of this state, by virtue of Sections-4785-166 to 4785-174, General Code, provide a definite procedure for the contest of an election; and that, therefore, the relator has a plain and adequate remedy at law. The relator, on the other hand, states: “We áre not ‘contesting’ the election. We admit that Mr. Allen
 
 *350
 
 was nominated on the total vote cast; we submit that relator was nominated on the total
 
 legal vote
 
 cast.” Thus the question is squarely presented whether mandamus is the proper way to determine the legality of the votes cast in the Trumbull county primary, or, in other words, whether mandamus may be invoked to test the validity of an election.
 

 The validity of the election is, of course, dependent upon the form of the ballot used in the primary. • In the recent case of
 
 Mehling
 
 v.
 
 Moorehead,
 
 133 Ohio St., 395, 14 N. E. (2d), 15, certain instructions, required by the city charter of Zanesville to be placed on the ballot, were omitted therefrom. An election contest followed. The question was presented in that case whether an election contest was the proper remedy to determine the validity of an election because of the form of the ballot used. This, court held it was, saying at page 400 of the opinion: “Since a definite remedy is provided by statute, resort to proceedings in
 
 quo warranto
 
 is not proper.” Resort to mandamus has likewise been held not proper. In
 
 State, ex rel. Ingerson,
 
 v.
 
 Berry,
 
 14 Ohio St., 315, a mandamus action, it was held in the syllabus: “A contest, on appeal to the Court of Common Pleas, is the specific remedy provided by statute for the correction of all errors, frauds and mistakes which may occur in the process of ascertaining and declaring the public will as expressed through the ballot boxes.” See also
 
 State, ex rel. Wetmore,
 
 v.
 
 Stewart, Clerk of Court,
 
 26 Ohio St., 216, paragraph two of the syllabus;
 
 Howard
 
 v.
 
 Shields,
 
 16 Ohio St., 184;
 
 Prentiss
 
 v.
 
 Dittmer,
 
 93 Ohio St., 314, at page 322, 112 N. E., 1021, L. R. A. 1917B, 191.
 

 We are of the opinion, therefore, that the relator had a plain and adequate remedy at law by an action to contest the election and that mandamus will not lie.
 

 But there is another reason why mandamus will not lie. Under Section 4785-86, General Code, it is the
 
 *351
 
 duty of the Secretary of State to place upon the official ballots for the general election the names of those candidates who received the highest number of votes at the primary election. That section provides in part that the Secretary of State shall canvass all the votes cast for the candidates whose nominating petitions are filed with him “and shall declare the result.” Also “He shall, not less than forty days before the election, certify the same, together with a form of official ballot therefor, to the boards of elections in the several counties of the state.” No duty is specifically enjoined upon the Secretary of Sthte to determine in this instance the legality of the votes cast in Trumbull county. Mandamus will not, therefore, lie to compel him to make that determination.
 
 Selby, Auditor,
 
 v.
 
 State, ex rel. Smiley,
 
 63 Ohio St., 541, 59 N. E., 218.
 

 The first two propositions of the demurrer being determinative of this proceeding, the third proposition is not decided.
 

 The demurrer to the petition will be sustained, and, relator not desiring to plead further, a peremptory writ will be denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.