THE STATE, EX REL. CENTRAL SERVICE STATION, INC., *v.* MASHETER, DIRECTOR OF HIGHWAYS.

[Cite as State, ex rel. Central Service Station, Inc., v. Masheter, Dir. of Hwys., 7 Ohio St. 2d 1.]

(No. 38790—Decided June 22, 1966.)

*Mr. Russell B. Day* and *Mr. Joseph P. Tulley*, for relator.
*Mr. William B. Saxbe*, attorney general, *Mr. I. Charles Rhoads, Mr. Joseph J. Poorman* and *Mr. Harry R. Paulino*, for respondent.

TAFT, C. J.  Relator contends (1) that, by temporary interference with relator's easement of access, the highway director has taken relator's property, and (2) that Section 5519.01, Revised Code, imposes upon the director a duty to fix what the director deems to be the value of that easement and damages to the remainder of relator's property and to deposit the amount thereof in court for relator.

If relator's contentions are correct, it is apparent that an action for an injunction would provide relator with "a plain and adequate remedy in the ordinary course of the law."

So far as pertinent, Section 2727.01, Revised Code, provides:

"An injunction is a *command to do* or refrain from doing a particular act.  It may be the final judgment in an action * * *."  (Emphasis added.)

Thus, if a statute imposes on the highway director the duty to fix what the director deems to be the value of property taken and damages to the remainder of property not taken, and to

deposit the amount thereof in a court for the owner, such owner in an action for an injunction may secure a judgment commanding the director to do so.

In *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission* (1954), 162 Ohio St. 302, 123 N. E. 2d 23, which was specifically referred to in our order to show cause, the syllabus reads in part:

"A writ of mandamus will ordinarily be refused by the Supreme Court under its constitutional powers unless the relator shows affirmatively that there is no plain and adequate remedy in the ordinary course of the law, including equitable remedies * * *."

In the opinion by Lamneck, J., it is said:

"2. Before the writ may issue, it must appear affirmatively that there is no plain and adequate remedy in the ordinary course of the law, including equitable remedies.

"3. The extraordinary writ of mandamus may not be used as a substitute for a mandatory injunction."

If this action had been instituted as an action in mandamus in the Common Pleas Court, that court could have given injunctive relief therein without exceeding its jurisdiction, since the Common Pleas Court has original jurisdiction in injunction. However, in *State, ex rel. Stine,* v. *McCaw* (1939), 136 Ohio St. 41, 23 N. E. 2d 631, an action against the state Director of Public Welfare, the syllabus reads in part:

"Since the Supreme Court does not have original jurisdiction in injunction, mandatory injunctive relief will not be granted by that court through an action in mandamus."

In *State, ex rel.,* v. *Hahn* (1893), 50 Ohio St. 714, 35 N. E. 1052, an action against the state Superintendent of Insurance, it is stated in an opinion by Minshall, J.:

"This court * * * has no original jurisdiction in matters of injunction, and none can be conferred by the Legislature. To assume it, in any case, is simply judicial usurpation. This is a suit for an injunction in the form of a proceeding in *mandamus.* The form, however, is nothing; it is the substance that gives real character to the proceeding. Hence, this court has no jurisdiction of the subject matter of the suit, and it should be dismissed for want of jurisdiction."

Relator relies upon *State, ex rel. McKay, Exr., v. Kauer, Dir.* (1951), 156 Ohio St. 347, 102 N. E. 2d 703, and especially paragraph three of the syllabus thereof. However, there, as pointed out in the concurring opinion, both parties conceded that the property owner had no adequate remedy other than mandamus, and this court did not consider that question.

*Writ denied.*

Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.