THE STATE, EX REL. SIBARCO CORP. ET AL., APPELLEES, *v.* CITY OF BEREA ET AL., APPELLANTS.

[Cite as State, ex rel. Sibarco Corp., v. City of Berea, 7 Ohio St. 2d 85.]

(No. 39846—Decided July 6, 1966.)

86

*Mr. Sanford W. Likover*, for appellees.
*Mr. John D. Munkacsy*, director of law, *Messrs. Squire, Sanders & Dempsey* and *Mr. James A. Smith*, for appellants.

HERBERT, J.  Appellants contend that the Court of Appeals exceeded the original jurisdiction conferred upon it by the Constitution of Ohio, Section 6, Article IV, when it allowed the extraordinary writ of mandamus to issue although relators had available a plain and adequate remedy in the ordinary course of law by way of appeal pursuant to Chapter 2506 of the Revised Code.

The decisions of the Supreme Court have been quite inconsistent and conflicting in recent years when endeavoring to determine the proper use of mandamus in the exercise of the original jurisdiction conferred upon this court and the Court of Appeals by Sections 2 and 6, Article IV of the Ohio Constitution.

A few of such cases may well be noted.

*In the Matter of Turner* (1832), 5 Ohio 542, the court, in its opinion, at page 543, had the following to say:

" 'The original nature of the writ,' as is said in 3 Burrows, 1267, 'and the end for which it was formed, direct on what occasion it shall be used. It was introduced to prevent disorder, from a failure of justice, or a defect of police; therefore, it ought to be used upon all occasions, where the law has established *no specific remedy*, and where in justice and good government, there ought to be one.' " (Emphasis added.)

The court, in its opinion, in *Cincinnati, Wilmington & Zanesville R. R. Co.* v. *Commrs. of Clinton County* (1852), 1 Ohio St. 77, at page 105, said:

"It is now too well settled to require reference to authorities, that this writ [mandamus] lies in all cases, where the relator has a clear legal right to the performance of some official or corporate act by a public officer or corporation, and *no other adequate, specific remedy*." (Emphasis added.)

In *State, ex rel. Juhlman,* v. *Conners et al.* (1930), 122 Ohio St. 355, the court said, in a *per curiam* opinion, at page 358:

"The writ of mandamus is an extraordinary writ, and will not be issued as a substitute for an existing, adequate, and available remedy in equity or in law, but only where such remedy, in equity or in law, does not exist, is not adequate, or is not available."

The syllabus in *State, ex rel. Sibarco Corp.,* v. *Hicks, Bldg. Inspr.* (1964), 177 Ohio St. 81, reads:

"By reason of Section 2731.05, Revised Code, enacted pursuant to Section 4, Article IV, Ohio Constitution, it is error for the Common Pleas Court to issue a writ of mandamus in those cases where there is a plain and adequate remedy in the ordinary course of the law."

A contrary view permitting the exercise of discretion in the issuance of the writ is expressed in the following cases:

The second paragraph of the syllabus in *State, ex rel. Wesselman,* v. *Board of Elections of Hamilton County* (1959), 170 Ohio St. 30, reads:

"A Court of Appeals that allows a writ of mandamus to a relator does not thereby abuse its discretion *merely because*

*such relator also has an adequate remedy in the ordinary course of the law."* (Emphasis added.)

In *State, ex rel. Spiccia, v. Abate, Bldg. Commr.* (1965), 2 Ohio St. 2d 129, in the opinion, at page 130, the court says:

"The appellants' argument that the relief was improperly granted because the relator had an adequate remedy at law ignores the often stated proposition that the Court of Appeals has discretion to issue the writ of mandamus, *although there exists a plain and adequate remedy at law.* \* \* \* *This court will not interfere with exercise of such discretion by that court.*" (Emphasis added.)

The following cases also support the principle of law that the Supreme Court and the Court of Appeals, in the exercise of their original jurisdiction in mandamus, *have no discretion* to issue a writ of mandamus where the relator has or had available a clear, plain and adequate remedy in the ordinary course of the law: *State, ex rel. Tax Comm. of Ohio, v. Mills, Aud.,* 103 Ohio St. 172; *State, ex rel. Bassichis, v. Zangerle, Aud.,* 126 Ohio St. 118; *State, ex rel. Podley, v. Indus. Comm.,* 127 Ohio St. 583; *State, ex rel. Hile, v. Zangerle, Aud.,* 132 Ohio St. 523; *State, ex rel. Ward, v. Kennedy, Secy. of State,* 134 Ohio St. 348; *State, ex rel. Gladman, v. Indus. Comm.,* 136 Ohio St. 90; *State, ex rel. McCamey, v. Court of Common Pleas of Cuyahoga County,* 141 Ohio St. 610; *State, ex rel. Horvitz Co., v. Sours, Dir.,* 142 Ohio St. 591; *Gannon v. Gallagher, Dir.,* 145 Ohio St. 170; *State, ex rel. Stanley, v. Cook, Supt. of Banks,* 146 Ohio St. 348, paragraph three of the syllabus; *Freon v. Carriage Co.,* 42 Ohio St. 30; *State, ex rel., v. Carpenter,* 51 Ohio St. 83; *State, ex rel. White, v. City of Cleveland,* 132 Ohio St. 111, paragraph one of the syllabus; *State, ex rel. First National Bank, v. Village of Botkins,* 141 Ohio St. 437, paragraph one of the syllabus; *State, ex rel. Shively, v. Nicholas, Judge,* 151 Ohio St. 179, 181; *State, ex rel. City of Cincinnati, v. Miller et al., Public Utilities Comm.,* 149 Ohio St. 45; *State, ex rel. Welker, v. Indus. Comm.,* 150 Ohio St. 464; *State, ex rel. Hepperla, v. Glander, Tax Commr.,* 160 Ohio St. 59; *State, ex rel. Adams, v. Rockwell et al., Board of Edn.,* 167 Ohio St. 15; *State, ex rel. Schafer, v. Citizens National Bank of Ironton,* 168 Ohio St. 535; *State, ex rel. Lotz, v. Hover, Pros. Atty.,* 174 Ohio St. 68, 72; *State, ex rel. Emmich, dba. Modern Launderers & Dry Cleaners, v. Indus.*

*Comm.*, 148 Ohio St. 658; *Shelby* v. *Hoffman*, 7 Ohio St. 451, 455, 456; and *State, ex rel. Lorain County Savings & Trust Co.*, v. *Board of County Commrs.*, 171 Ohio St. 306.

Nevertheless, in spite of the array of authorities to the contrary, the following cases approve the exercise of discretion by the appellate court to issue or deny the writ. *State, ex rel. Wesselman*, v. *Board of Elections of Hamilton County, supra; State, ex rel. Feighan*, v. *Green et al., Board of Elections*, 171 Ohio St. 263; *State, ex rel. Spiccia*, v. *Abate, Bldg. Commr., supra; State, ex rel. Grant, Exr.*, v. *Kiefaber et al., Montgomery County Planning Comm.*, 171 Ohio St. 326; *State, ex rel. Fredrix*, v. *Village of Beachwood*, 171 Ohio St. 343; *State, ex rel. Coury*, v. *Ohio Bell Telephone Co.*, 172 Ohio St. 309; *State, ex rel. Moran*, v. *Welling, Dir.*, 172 Ohio St. 516; *State, ex rel. Roger J. Au & Son, Inc.*, v. *Studebaker et al., Commrs.*, 175 Ohio St. 222; and *State, ex rel. Libbey-Owens-Ford Glass Co.*, v. *Indus. Comm.*, 162 Ohio St. 302.

The proposition advanced in *Spiccia, supra* (2 Ohio St. 2d 129), that "this court will not interfere with the exercise of such discretion [to issue the writ] by that court [Court of Appeals]" appears to be in conflict with the constitutional grant of the power of review to the Supreme Court.

Section 2, Article IV of the Ohio Constitution, provides:

"It [Supreme Court] shall have * * * appellate jurisdiction * * * in cases which originated in the Courts of Appeals * * *."

*Spiccia, supra*, originated in the Court of Appeals in the exercise of that court's original jurisdiction; consequently, its judgment, whether entered in the exercise of discretion or otherwise, is subject to review by the Supreme Court.

Furthermore, the *Spiccia* doctrine may be repugnant to the provisions of the Constitution providing for the certification of conflicting judgments of two Courts of Appeals. Section 6, Article IV of the Ohio Constitution.

Therefore, the second paragraph of the syllabus in the case of *State, ex rel. Wesselman*, v. *Board of Elections of Hamilton County*, 170 Ohio St. 30, is overruled. That portion of the case of *State, ex rel. Spiccia*, v. *Abate, Bldg., Commr.*, 2 Ohio St. 2d 129, denying appellate jurisdiction of the Supreme Court to review an exercise of discretion by the Court of Appeals, is disapproved.

All decisions or pronouncements of this court contrary

to the principle that a writ in mandamus must not issue, where there is a plain and adequate remedy in the ordinary course of the law, are either overruled or disapproved.

"The writ of mandamus *must not be issued* when there is a plain and adequate remedy in the ordinary course of the law." Section 2731.05 of the Revised Code. The principle of law set out in this section of the Revised Code is a restatement of the common law and predecessor statutes since Ohio became a state. This principle adds stability, certainty and clarity in the exercise of original jurisdiction by the Supreme Court and the Courts of Appeals. It removes doubt from the mind of the trial lawyer in his choice of a forum in which to bring his action, where mandamus may or may not be his remedy.

Chapter 2506, Revised Code, provided a plain and adequate remedy to appeal from the refusal of the building commissioner (which refusal was affirmed on appeal by the Board of Zoning Appeals) to issue the building permit, notwithstanding that the zoning ordinance prohibited the use sought and that the council of Berea had refused to amend the zoning ordinance to permit such use prior to the application for the building permit. That chapter was enacted by the General Assembly largely to accommodate adequately the growing volume of zoning and building litigation confronting our courts and arising from adversary proceedings in respect to the interpretation and administration of urban and rural zoning and building ordinances.

At first glance, a conflict seemingly exists between the foregoing conclusion and the recent decision of this court in *Tuber* v. *Perkins*, 6 Ohio St. 2d 155. However, there is a crucial distinction between the situation there and the instant one. In *Tuber*, an appeal from a zoning reclassification by a township board was instituted prior to the application for issuance of a building permit pursuant to the zone change, and thus, prior to the time the appellants' rights were adversely affected by that zone change. Hence, the attempted appeal solely from the legislative action was voided by this court.

In this case, after its request to the council of Berea was rejected, appellant pursued its objective to the executive branch of the city government by requesting a building permit. It followed the rejection of that request by an administrative ap-

peal to the Board of Zoning Appeals. At this point, Chapter 2506, Revised Code, provided a plain and adequate remedy to review the board's affirmance of the denial of the building permit, by appeal to the Common Pleas Court. On such appeal, the appellant could have contended, as it did in the Court of Appeals, that the zoning ordinance was unconstitutional to the extent of prohibiting its proposed use of its property. If it is right in that contention, the Common Pleas Court could have provided appellant with all of the relief that it sought in its mandamus action.

The relator, in building permit zoning litigation, is almost invariably a property owner who is seeking to increase the value of his realty and is obstructed by provisions of a zoning law or ordinance. His interest is private, as opposed to the interest of an agency of the government. The Constitution of Ohio encourages the right of property owners in "acquiring, possessing, and protecting property." Section 1, Article I of the Constitution of Ohio. However, Taft, C. J., in his concurring opinion endeavors to draw a distinction in actions in mandamus between the enforcement and protection of public interests on the one hand and private interests on the other—a distinction to which the writer of this opinion does not subscribe.

*State, ex rel. Allied Wheel Products, Inc., v. Indus. Comm.,* 161 Ohio St. 555; *State, ex rel. D. L. Auld Co., Inc., v. Morse et al., Indus. Comm.,* 161 Ohio St. 561; and *State, ex rel. Libbey-Owens-Ford Glass Co., v. Indus. Comm.,* 162 Ohio St. 302, tend to deny the property owner his right to invoke the original jurisdiction of this court or Courts of Appeals on the ground that purely private interests are involved. That relator's interests are private is not doubted but it is certainly true that our whole national economy is built largely upon private interests, initiative and enterprise.

The rule announced in the last three cases above mentioned is in conflict with the provisions set out in the last sentence of Section 2, Article IV of the Constitution of Ohio, which reads:

"No law shall be passed or rule made whereby *any person* shall be prevented from invoking the original jurisdiction of the Supreme Court." (Emphasis added.)

The origin of this amendment to the Constitution was occasioned by a "rule of practice" of the Supreme Court to refer cases seeking a writ of mandamus to the Circuit Court (predecessor of the Courts of Appeals) for determination. *State, ex rel. Werden,* v. *Williams, Twp. Clerk,* 26 Ohio St. 170.

The constitutional amendment is in clear unambiguous language. The rule suggested in *Allied Wheel, supra,* and *Glass Co., supra,* is precisely the rule in effect in *Werden, supra,* and is in direct conflict with the constitutional amendment above quoted. This amendment was adopted by the people in 1912 to terminate this "rule of practice" by the Supreme Court referred to in *Werden, supra.*

There being available to the relator a plain adequate remedy in the ordinary course of the law, the judgment of the Court of Appeals is reversed and the cause remanded to that court with instructions to deny the writ of mandamus.

*Judgment reversed.*

SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., concurs except as indicated in his concurring opinion.

MATTHIAS, J., concurs in paragraph one of the syllabus but dissents from the judgment.

ZIMMERMAN and O'NEILL, JJ., dissent.

TAFT, C. J., concurring. I concur since paragraph one of the syllabus will necessarily be limited to a case such as this involving the enforcement or protection of other than public rights but I believe that the portion of the majority opinion beginning with mention of *State, ex rel. Allied Wheel Prod., Inc.,* v. *Industrial Commission,* 161 Ohio St. 555, 120 N. E. 2d 421, does not relate to any question being passed upon by the court in deciding the instant case.

Paragraph two of the syllabus of *State, ex rel. Wesselman,* v. *Board of Elections of Hamilton County* (1959), 170 Ohio St. 30, 162 N. E. 2d 118, represents an effort by this court to reconcile the conflict between its decision in *State, ex rel. Selected Properties, Inc.,* v. *Gottfried* (1955), 163 Ohio St. 469, 127 N. E. 2d 371, and its decision in and paragraph two of the sylla-

bus of *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission* (1954), 162 Ohio St. 302, 123 N. E. 2d 23.

Probably, it would have been better to choose between those two decisions rather than to endeavor to so reconcile them. As I see it, the decision in the instant case probably disapproves of the parts of the decisions in the *Selected Properties case* and in *State, ex rel. Killeen Realty Co.,* v. *City of East Cleveland* (1959), 169 Ohio St. 375, 160 N. E. 2d 1, that are inconsistent with paragraph two of the syllabus of the *Libbey-Owens-Ford case* and with paragraph one of the syllabus of the instant case. Also, it seems to me that not only *State, ex rel. Spiccia,* v. *Abate, Bldg. Commr.* (1965), 2 Ohio St. 2d 129, 207 N. E. 2d 234, but also the decisions in *State, ex rel. Feighan,* v. *Green et al., Bd. of Elections* (1960), 171 Ohio St. 263, 169 N. E. 2d 551, and *State, ex rel. Shoeman,* v. *Deuber* (1963), 175 Ohio St. 357, 358, 195 N. E. 2d 110, and certain dicta in *State, ex rel. Lorain County Savings & Trust Co.,* v. *Board of County Commrs. of Lorain County* (1960), 171 Ohio St. 306, 170 N. E. 2d 733, and *State, ex rel. Grant, Exr.,* v. *Kiefaber et al, Montgomery County Planning Comm.* (1960), 171 Ohio St. 326, 170 N. E. 2d 848, are inconsistent with our conclusions in the instant case.

It is not necessary to consider whether paragraph two of the syllabus of *State, ex rel. Wesselman,* v. *Board of Elections of Hamilton County, supra* (170 Ohio St. 30), may represent a correct statement of law in a case such as that, which involved primarily the enforcement or protection of public rights.

ZIMMERMAN, J., dissents for the reason that in his opinion Courts of Appeals should be permitted to exercise discretion in entertaining or refusing mandamus actions, even where statutory appeals might exist and private rights are involved. There are instances where mandamus would be an appropriate and expeditious manner in which to proceed. The holding of the majority of the court herein represents a clear departure from former decisions of this court. See the *per curiam* opinion in *State, ex rel. Shoeman,* v. *Deuber et al., Barberton Civil Service Comm.,* 175 Ohio St. 357, 358, 195 N. E. 2d 110, 111, and the cases cited therein.

O'NEILL, J., concurs in the foregoing dissenting opinion.