THE STATE, EX REL. DUREK, D. B. A. ECONOMY MARKET AND CARRY OUT, APPELLANT, *v.* MASHETER, DIRECTOR OF HIGHWAYS, APPELLEE.

(No. 40183—Decided February 8, 1967.)

Mr. *John J. Connors, Jr.*, for appellant.

Mr. *William B. Saxbe*, attorney general, Mr. *I. Charles Rhoads* and Mr. *John T. Williams*, for appellee.

*Per Curiam.* In our opinion, the Court of Appeals properly denied the writ but not necessarily for the reasons stated, *i.e.*, that no property of relator was "taken" within the meaning of Section 19, Article I of the Constitution of Ohio.

Under the recent decisions of this court in *State, ex rel. Central Service Station, Inc.,* v. *Masheter, Dir. of Hwys.,* 7 Ohio St. 2d 1, 218 N. E. 2d 177, and *State, ex rel. Sibarco Corp.,* v. *City of Berea,* 7 Ohio St. 2d 85, 218 N. E. 2d 428, a writ of mandamus must not be issued where there is a plain and adequate remedy in the ordinary course of the law. Whatever remedy relator might have should have been asserted in the Court of Common Pleas of Franklin County by an appropriate form of action—mandatory injunction or statutory mandamus.

The judgment of the Court of Appeals in denying the writ is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., concurs in the judgment of the court but does not adopt the reasoning in the *per curiam* decision.

I agree with the principle of law set out in the language of the court as follows:

"* * * a writ of mandamus must not be issued where there is a plain and adequate remedy in the ordinary course of the law."

However, the *per curiam* decision misapplies the above principle when it states:

"Whatever remedy relator might have should have been asserted in the Court of Common Pleas of Franklin County by an appropriate form of action—mandatory injunction or statutory mandamus."

The court fails to recognize that those suggested remedies are not available "in the *ordinary* course of the law." They are extraordinary remedies.

The syllabus of *Perkins* v. *Village of Quaker City,* 165 Ohio St. 120, establishes that an "injunction is an *extraordinary* remedy * * *." (Emphasis added.)

At page 125 in the opinion, Judge Zimmerman said: "The authorities are agreed that injunction is an extraordinary

remedy equitable in nature, and that its issuance may not be demanded as a matter of strict right."

Mandamus, likewise, is an *extraordinary remedy.* *E.g., State, ex rel. Sibarco Corp.,* v. *City of Berea,* 7 Ohio St. 2d 85.

Therefore the availability of mandamus or of mandatory injunction in the Common Pleas Court does not prevent the Court of Appeals from hearing the merits of an action in mandamus. The discerning reader of the court's decision here will realize that if the availability of mandamus in the Common Pleas Court affected the authority of the Courts of Appeals or of the Supreme Court to hear actions in mandamus, those courts have lost part of their constitutional grant (Sections 2 and 6, Article IV) of jurisdiction.

The proposition, suggested by the majority, that the availability of mandamus in a lower court destroys its availability in a higher court is refuted in principle by the Ohio Constitution which grants original jurisdiction in mandamus to *both* the Courts of Appeals and the Supreme Court.