THE STATE, EX REL. DANFORD, APPELLANT, *v.* KARL, MAYOR, ET AL., APPELLEES.

(No. 40315—Decided February 8, 1967.)

*Mr. Jas. Slater Gibson,* for appellant.

*Mr. Robert Dorrell* and *Messrs. Reams, Bretherton & Neipp,* for appellees.

*Per Curiam.* Relator has a plain and adequate remedy by way of mandatory injunction which he could have sought in the Court of Common Pleas.

A writ of mandamus must not be issued where there is a plain and adequate remedy in the ordinary course of the law. *State, ex rel. Central Service Station, Inc.,* v. *Masheter, Dir. of Hwys.,* 7 Ohio St. 2d 1; *State, ex rel. Sibarco Corp.,* v. *City of Berea,* 7 Ohio St. 2d 85.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., dissenting. The question posed in this case is identical to that posed in *State, ex rel. Durek,* v. *Masheter, Dir. of Hwys.,* 9 Ohio St. 2d 76: Does the availability of mandatory injunction or mandamus in the Court of Common Pleas preclude a Court of Appeals from hearing an original action in mandamus on the merits? The answer to that must be in the negative for the reasons stated in my concurring opinion in *Durek.*