THE STATE, EX REL. FEDERAL HOMES PROPERTIES, INC., ET AL., APPELLEES, *v.* SINGER, BUILDING COMMR., APPELLANT.

(No. 39993—Decided February 15, 1967.)

96

*Messrs. Kinchen, Matia & Mays* and *Mr. Charles E. Merchant,* for appellees.

*Mr. Bronis J. Klementowicz* director of law, *Mr. George J. Dinda* and *Mr. Richard B. Mills,* for appellant.

*Per Curiam.* As a preliminary observation, it is at least doubtful whether the conditional writ as issued by the Court of Appeals is authorized or valid. The function of mandamus is to compel the performance of a present existing duty as to which there is a default. It is not granted to take effect prospectively, and it contemplates the performance of an act which is incumbent on the respondent when the application for a writ is made. 34 American Jurisprudence 868, Section 79; 35 Ohio Jurisprudence 2d 266, Section 21; *State, ex rel. Stanley,* v. *Cook, Supt. of Banks,* 146 Ohio St. 348, paragraph ten of the syllabus.

Be that as it may, it is apparent here that the action in mandamus was pursued as a substitute for the appeal provided by Section 2506.01 *et seq.* of the Revised Code. In fact, this action was filed prior to any decision of the respondent on the

application, and relators did not limit their prayer to requiring the respondent to act upon the application for the permit. Furthermore, in this appeal, relators adhere to their position that the Court of Appeals properly ordered the issuance of the building permit.

In any instance of a refusal, for whatever reason, of an administrative official to act timely upon an application for a permit, either mandamus in the Common Pleas Court or a *mandatory injunction* would appear to be an appropriate remedy to compel his decision.

If the response of the official is to refuse the permit, the right to test the correctness of his decision is furnished by way of appeal to the Court of Common Pleas, after all administrative remedies of appeal, if any, are exhausted. Section 2506.01 *et seq.* of the Revised Code.

Nothing of the sort was attempted by relators here. Moreover, there is nothing in the record before us to demonstrate affirmatively that resort to administrative remedies and, if unsuccessful, the appellate review as provided by statute would not have been adequate to accomplish relators' purposes. In the absence of such a showing, a writ of mandamus as prayed for should not have been granted. *State, ex rel. Central Service Station, Inc.,* v. *Masheter, Dir. of Hwys.,* 7 Ohio St. 2d 1, 218 N. E. 2d 177; *State, ex rel. Sibarco Corp.,* v. *City of Berea,* 7 Ohio St. 2d 85, 218 N. E. 2d 428.

The judgment is reversed and final judgment is entered in favor of the respondent.

*Judgment reversed.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Schneider and Brown, JJ., concur.

Herbert, J., dissenting. My colleagues of the majority rest their judgment upon the decisions in *State, ex rel. Sibarco Corp.,* v. *City of Berea,* 7 Ohio St. 2d 85, and *State, ex rel. Central Service Station, Inc.,* v. *Masheter, Dir. of Hwys.,* 7 Ohio St. 2d 1. Each of those cases lays down the doctrine that before a writ of mandamus may issue it must affirmatively appear that there is no plain and adequate remedy in the ordinary course of the law.

In *Sibarco,* the application for a building permit was denied as a matter of record. A final order was entered. It was required that a "final order" be a matter of record before the complaining party could perfect his appeal to the Court of Common Pleas. Section 2506.01 of the Revised Code provides that:

"Every final order * * * or decision * * * of any officer * * * may be reviewed by the Common Pleas Court * * *."

In *Sibarco* there was a "final order" or "decision" of an officer which was reviewable by the Court of Common Pleas. Without such "final order" or "decision" it was impossible to obtain a review.

Here, the relator was denied a review by the respondent who made no "final order" or "decision" but sought refuge in the simple expedient of nonaction or doing nothing. A reference to the evidence, which is uncontradicted, furnishes a better understanding of the question at issue.

On February 17, 1965, relator filed its application with the respondent, Building Commissioner of the City of Cleveland, for a building permit to construct a multi-family apartment on Linn Drive, said location being in a district zoned for such use —that is, for a multi-family apartment.

It is stipulated that on March 22, 1965, the Council of the City of Cleveland "passed" an ordinance "which would amend the zoning use of said property from a multi-family use district to a two-family use district." It was provided in the ordinance that it would become effective *on May 2, 1965.* On the 19th day of February 1965 (two days after the application for a permit was filed), the respondent building commissioner attended a meeting of the City Planning Commission where the proposed rezoning ordinance was discussed.

The respondent returned to his office the same day and personally perused relator's application for a building permit and thereupon called relator and advised that by reason of the proposed zoning change "there may be a possible delay in further processing of the application for permit" and instructed his staff to withhold temporarily further processing of the application.

The Court of Appeals had ample reason to conclude that

no action would be taken upon the pending application for a building permit until *after* the amended ordinance became effective. As a matter of fact, no action on the permit has ever been taken to this date.

It must be obvious that reliance by the majority upon *Sibarco* as controlling in the case at bar is untenable. The majority, recognizing respondent's refusal to act, criticizes relator for not seeking a writ of mandamus merely to compel respondent to *act*. If the majority would examine the record, particularly the transcript of the docket and journal entries, it would find that the Court of Appeals did just that.

It issued an *alternative writ* which, in its pertinent parts, is in this language:

"This cause came on to be heard upon the motion of the relators * * * and on consideration the court allows a writ of mandamus to issue against the respondent *commanding him to act* on said claim * * * *or show cause why he has not done so* * * *." (Emphasis added.)

The respondent refused to obey the command of the writ but filed a motion to dismiss the petition of relator which was overruled and then respondent filed an answer containing a specific and general denial.

The cause came on for a complete hearing on the evidence. On the evidence and argument of counsel, the Court of Appeals issued a peremptory writ of mandamus commanding respondent to issue a building permit if relator's plans were in order. This is precisely the duty imposed on respondent by law.

Having been denied an opportunity to appeal as provided by law, relator had no plain and adequate remedy in the *ordinary* course of the law, hence recourse to the *extraordinary* remedy of mandamus was proper. The Constitution of Ohio gave it the right to file *that original action in mandamus in the Court of Appeals*. Section 6, Article IV of the Constitution of Ohio.

A case squarely in point with the instant cause is that of *Hauser, Commr. of Bldgs.,* v. *State, ex rel. Erdman,* 113 Ohio St. 662. The facts are stated in the opinion, which reads:

"The agreed statement of facts discloses that the relator filed his application for a permit with the Commissioner of Buildings on January 31, 1924, and that this officer made no

examination whether or not the plans attached thereto conformed to the state and city building codes; *that if they did not so conform* the relator was then, and has since been, willing to conform to all the laws and ordinances *before commencing the erection of the building.* The entire record also discloses that the specific reason why the plans were not accepted and the permit issued was that *a zoning ordinance was then pending,* although this ordinance did not become effective until May 4, 1924, more than three months after relator filed his application for a permit. [Emphasis added.]

"On May 2, 1924, relator instituted this suit in mandamus and caused an alternative writ to be issued and served on the same day. After hearing, a peremptory writ was awarded to the relator on April 24, 1925." The Supreme Court affirmed the issuance of the writ. See, also, *State, ex rel. Ice & Fuel Co.,* v. *Kreuzweiser, Inspr. of Bldgs.,* 120 Ohio St. 352, and *State, ex rel. Fairmount Center Co.,* v. *Arnold, Dir.,* 138 Ohio St. 259.

The majority also complained that the writ issued by the Court of Appeals is conditional. This is no more "conditional" than those issued by this court in other cases. See, *e. g., State, ex rel. Park Investment Co.,* v. *Board of Tax Appeals,* 175 Ohio St. 410.

Reference is made to a slight error in the plans relative to the location of parking space. The respondent himself considered this as insignificant. *Erdman, supra,* answers this easily corrected situation.

The relator was denied its appeal in the ordinary course of the law to the Court of Common Pleas by nonaction and dereliction of the respondent. Relator was then compelled and did seek relief in the original action in mandamus in the Court of Appeals, a procedure provided for it by the Constitution of Ohio. The Court of Appeals, after a thorough examination of the facts and law, saw through the sham and, as in *Erdman,* ordered respondent to perform a duty imposed upon him by law.

It appears to me that the cases heretofore decided should be followed in the case at bar, and the judgment of the Court of Appeals should be affirmed.