THE STATE, EX REL. RILEY CONSTRUCTION CO., *v.* EAST LIVERPOOL
CITY SCHOOL DISTRICT BOARD OF EDUCATION ET AL.

[Cite as State, ex rel. Riley Constr. Co., v. East Liverpool
Bd. of Edn., 10 Ohio St. 2d 25.]

(No. 40587—Decided March 29, 1967.)

*Messrs. Fitch & Kendall* and *Mr. Alfred L. Fitch*, for relator.

*Mr. Joseph W. C. Cooper, Mr. William B. Saxbe*, attorney general, and *Mr. Robert D. Macklin*, for respondents.

ZIMMERMAN, J.   We think that the remedy of mandamus chosen by relator is properly assertible in this court because of the lack of an adequate remedy in the ordinary course of the law.   Time and costs may sometimes be controlling, and, where a school building program, for instance, must be completed promptly with the expenditure of a limited amount of money, this court will entertain an original action in mandamus rather than relegate the parties to the Court of Common Pleas with the delays incident to a determination there and subsequent

appeals. Moreover, the situs of the controversy is Columbiana County, in which the city of East Liverpool is situated, and the Superintendent of Public Instruction is located in Franklin County. Under the provisions of Chapter 3318, Revised Code, the superintendent is at least a proper and perhaps a necessary party, and joinder of the board and the superintendent should be made for a complete determination of the action. The Supreme Court with its statewide jurisdiction is the forum where joinder can be made with service of summons on both respondents. Compare *State, ex rel. Barber, Pros. Atty.,* v. *Rhodes, Aud.,* 165 Ohio St. 414, 136 N. E. 2d 60. Besides, the propriety of the mandamus action in this court is not questioned. The cases of *State, ex rel. Central Service Station, Inc.,* v. *Masheter, Dir. of Hwys.,* 7 Ohio St. 2d 1, 218 N. E. 2d 177, and *State, ex rel. Sibarco Corp.,* v. *Berea,* 7 Ohio St. 2d 85, 218 N. E. 2d 428, are without application in a situation of the kind presented by the instant case.

It is shown by exhibits attached to the stipulation of facts and made a part thereof that following inquiry by the Chief of the Building Section, Department of Education, he received a telegram dated October 14, 1966, and signed by the superintendent of the Fidelity and Surety Department of the Hartford Accident and Indemnity Company, reading:

"Prior to bid date of September 28, 1966 the Hartford Accident and Indemnity Company approved Modany Bros. bid and final bond to the state of Ohio in connection with general construction of East Gate Elementary School and Lacroft Elementary School. In connection with these jobs, unlimited power of attorney for Fred H. Navarra was issued and sent to Dept. of Education on October 3, 1966."

This telegram was followed by a letter signed by the same superintendent, under the same date and to the same effect.

Although relator raises a number of questions in its briefs and upon oral argument by counsel, a decision in this case turns on whether the bond, regular and sufficient on its face, which accompanied Modany's bid for the construction of the two school buildings rendered his bid invalid because of the apparent limitation on the bonding company's agent indicated by the power of attorney to execute a bond in the amount for which

the bond was executed. But the stipulation of facts shows, and it is unchallenged, that the bond in its face amount had been authorized and approved by the bonding company prior to September 28, 1966, the date on which the bids were opened. In the opinion of a majority of this court, this made the bond good and sufficient.

It will be noted that Section 3318.10, Revised Code, contains no requirement that a power of attorney accompany the submission of a bid. Such requirement consists of a rule formulated, adopted and promulgated by the superintendent.

The mere fact that a bond accompanying a bid for the construction of a building is executed by an agent in an amount beyond his authority at the time of its execution does not affect the validity of the bond where it is made good and effective by appropriate action of the principal before bids are opened and become operative.

It is well established that a principal may ratify the acts of his agent performed beyond the agent's authority, and such ratification extends back to the doing of the unauthorized act by the agent and binds the principal from that time. *Pollock* v. *Cohen*, 32 Ohio St. 514; 2 Ohio Jurisprudence 2d 148, Section 91; 2 Ohio Jurisprudence 2d 166, Section 108; 3 American Jurisprudence 2d 548, Section 160; 3 American Jurisprudence 2d 568, Section 183.

However, it is not necessary to resort to the doctrine of ratification here, because, as already pointed out, the principal approved the bond in the required amount *prior* to the opening of the bids, the date upon which the bids and accompanying bonds came to the attention and consideration of those who solicited them. The present case is distinguishable from that of *State, ex rel. Fleisher Engineering & Construction Co.,* v. *State Office Building Commission,* 123 Ohio St. 70, 174 N. E. 8, where the bond accompanying a bid for construction work was insufficient at the time bids were opened, and it was held under the applicable statute that an offer to furnish an additional bond to meet the statutory requirement came too late and was ineffective.

It seems to us that the approach adopted is more logical and persuasive than an approach which would invalidate the bond

because of the limitation contained in the power of attorney filed therewith, where it is shown that the bond was actually approved in the amount for which it was written before the time it became operative, *i. e.*, upon the date when the construction bid it covered could have been acted upon by the board and superintendent.

The elements of waiver and the exercise of a sound discretion on the part of the board and superintendent might also enter the equation.

It is to be remembered that mandamus is an extraordinary writ issued in the name of the state commanding, among other things, a board or person to perform an act which *the law specially enjoins* as a duty resulting from an office, trust, or station. Section 2731.01, Revised Code.

Upon the basis stated, the writ of mandamus is denied.

*Writ denied.*

MATTHIAS, O'NEILL and HERBERT, JJ., concur.

TAFT, C. J., SCHNEIDER and BROWN, JJ., concur in the judgment.

TAFT, C. J., concurring. Although I disagree with the reasons stated therefor in the majority opinion, I concur in the judgment.

If the school district board does not award the contract to a bidder, the words of Section 3318.10, Revised Code, clearly indicate that there would be nothing for the Superintendent of Public Instruction to approve.

Relator prays for a writ requiring respondents (1) to reject the bid of Modany and (2) to exercise its discretion as to whether to accept Riley's bid. If the board rejects Modany's bid, the superintendent will have nothing to do with respect to that bid. If the board exercises its discretion to approve Riley's bid, that will not interfere with the superintendent performing his statutory obligation to approve or disapprove the award to Riley.

Hence, the relief prayed for, if granted, would not in any

way interefere with or affect the duty or right of the superintendent to approve or disapprove any award that is made.

It is apparent therefore that the superintendent is not a necessary party to the action; and, since plaintiff would have an adequate remedy in the ordinary course of the law to raise the questions that he raises in this proceeding (as by way of an action in the Common Pleas Court to enjoin the board from awarding the contract to Modany), the writ should be denied. *State, ex rel. Durek,* v. *Masheter, Dir.* (1967), 9 Ohio St. 2d 76, 223 N. E. 2d 601; *State, ex rel. Danford,* v. *Karl, Mayor* (1967), 9 Ohio St. 2d 79, 223 N. E. 2d 602; *State, ex rel. Federal Homes Properties, Inc.,* v. *Singer, Bldg. Commr.* (1967), 9 Ohio St. 2d 95, 223 N. E. 2d 824.

As stated in the syllabus of *State, ex rel. Stine,* v. *McCaw* (1939), 136 Ohio St. 41, 23 N. E. 2d 631: "since the Supreme Court does not have original jurisdiction in injunction, mandatory injunctive relief will not be granted by that court through an action in mandamus."

As to the reasons stated in the majority opinion for the judgment, Section 3318.10, Revised Code, states that "a *proposal* shall be *invalid* and not considered unless a bond * * * with sufficient sureties, in a sum equal to the total sum of the proposal is filed * * * nor *unless such proposal and such bond are filed in one sealed envelope.*" (Emphasis added.)

A bond in a sufficient amount was filed, but in the same envelope with it was a statement of the only surety thereon that the surety was to be obligated on the bond only for an amount less than the required amount. This written disclaimer of the surety was not removed until after the bids had been opened.

The procedure here approved would enable a bidder, with the cooperation of his surety, to avoid the consequences of his bid after the opening of bids. To prevent this is the obvious reason for requiring a proper bond to be in the same envelope with the bid.

SCHNEIDER and BROWN, JJ., concur in the foregoing concurring opinion.