THE STATE, EX REL. CULLINAN, *v.* BOARD OF ELECTIONS OF
PORTAGE COUNTY ET AL.
THE STATE, EX REL. CULLINAN, *v.* BOARD OF ELECTIONS OF
TRUMBULL COUNTY ET AL.

(Nos. 387 and 1814—Decided September 18, 1968.)

*Mrs. Fanyerose G. Cullinan* and *Mr. Jack Nybell,* for
relator.

*Mr. George W. Martin,* prosecuting attorney for Port-
age county, for respondent board of elections of Portage
county.

*Mr. E. W. Mastrangelo,* for respondent Richard A.
Hoose.

*Mr. David McLain,* prosecuting attorney, for respond-
ent board of elections of Trumbull county.

*Per Curiam.* These causes were filed originally in the
courts of appeals of the counties designated above.

The petition in cause no. 387, the Portage county case,
contains a prayer for a writ of mandamus. The petition
in cause no. 1814, the Trumbull county case, contains a
prayer for a writ of prohibition. Both actions will be con-
sidered together in this opinion.

We believe we can readily dispose of cause no. 387
under the holding of the Supreme Court in *State, ex rel
Pressley,* v. *Indus. Comm.,* 11 Ohio St. 2d 141. The fourth
paragraph of the syllabus is as follows:

"Where a petition filed in the Supreme Court or in the
Court of Appeals is in the form of a proceeding in man-

damus but the substance of the allegations makes it manifest that the real object of the relator is for an injunction, such a petition does not state a cause of action in mandamus and since neither the Supreme Court nor the Court of Appeals has original jurisdiction in injunction the action must be dismissed for want of jurisdiction * * * (citing cases)."

We are of the opinion that, in cause no. 387, relator, in substance, is asking for an injunction when she asks for a writ of mandamus and hence under the holding of *Pressley* this court is without jurisdiction to entertain the action.

R. C. 3513.22 provides, in part, as follows:

"If, after certifying and sending abstracts and parts thereof, a board finds that any abstract or part thereof is incorrect, it shall promptly prepare, certify, and send a corrected abstract or part thereof to take the place of such incorrect abstract or part theretofore certified and sent."

In correcting the abstracts, the respondents, in cause no. 387, did exactly what the mandate of the law required. Therefore, to issue the writ of mandamus as requested by relator would prevent respondent board of elections, in cause no. 387, from performing an act especially enjoined on them by law.

Plaintiff has not stated a cause of action in cause no. 387. In fact, she has asked for relief contrary to the provisions of R. C. 3513.22.

We are also of the opinion that the observations made above apply with equal force to cause no. 1814.

The majority of this court wishes to emphasize that its decision is not based upon a procedural matter as stated in the separate concurring opinion. The holding of *Pressley* states that neither a court of appeals, nor the Supreme Court has original jurisdiction in the matter under this factual situation. We wish to further emphasize the fact that a court must have jurisdiction of the subject matter and the relator must state a cause of action in order to get into and stay in court. It is the considered opinion of the majority of this court that relator has neither invoked the jurisdiction of the proper court under the holding of

*Pressley,* nor stated a cause of action in either of her petitions. Therefore, relator's petitions must be dismissed.

*Petitions dismissed.*

BROWN, GRAY and McLAUGHLIN, JJ., concur.

GRAY, J., of the Fourth Appellate District, McLAUGHLIN, J., of the Fifth Appellate District, and BROWN, J., of the Sixth Appellate District, sitting by designation in the Seventh Appellate District.

BROWN, J., concurring. I would add a few observations to the foregoing decision with which I concur.

Even if, for the sake of argument, the Court of Appeals had jurisdiction to maintain an original action in mandamus and in prohibition concerning the subject matter of an election controversy in both cases, the substantive law applicable to the facts stated in both petitions would require a denial of relief to relator in both cases. I prefer to emphasize the substantive law applicable and to predicate our decision entirely upon it rather than upon rules of law delineating and concerning original jurisdiction of the Court of Appeals in mandamus and prohibition which rests on the shifting sands of questionable results in some controlling cases of our highest state court.

In the original mandamus action in the Court of Appeals for Portage County, Case No. 387, the relator, designated plaintiff herein, sought a writ of mandamus primarily to order respondents, designated defendants herein, to proceed with an official recount of ward 3 in Aurora village, Portage county, which relator's opponent, Hoose, had demanded, concerning the Democratic nomination for a six-year term as judge of the Court of Appeals of the Eleventh Appellate District, before making any revision or correction of the official abstract of votes cast in the primary election for that office. Also, it demands that if a revised abstract had been made and certified (which it already had) to the Trumbull county board of elections, the most populous county in the Eleventh Appellate Dis-

trict, such official revised abstract should be further amended to conform to the first official abstract issued by the Portage county board of elections.

The first official abstract made relator the winner in the district by five votes, and the revised or corrected official abstract made her the loser by six votes.

Predicated on the Portage county proceedings, the plaintiff in the original prohibition action in the Court of Appeals for Trumbull county, case no. 1814, sought a writ of prohibition primarily prohibiting the Trumbull county board of elections from canvassing the purported amended official abstract from the Portage county board of elections and from making an amended declaration of the results of such election based on such purported amended abstract.

When the recount hearing for ward 3 in Aurora village was held, all of the marked ballots were missing and could not be found. The hearing developed uncontradicted facts that the ward 3 tally or work sheet, summary statement and report accounting for ballots, and poll book, all prepared by ward 3 election officials in the course of their duties, and the Democratic unofficial count, revealed 40 votes for Hoose and 39 votes for Cullinan. However, without any explanation by anyone concerning the reason for the variance, the Democratic party official count and report by the Portage county board of elections given to Trumbull county for ward 3 in Aurora village, showed 30 votes for Hoose and 39 for Cullinan.

Thereupon, the Portage board recognized the error and discrepancy and revised and amended the original Democratic party official abstract to reflect the correct fact that ten votes should be added to the total cast for Hoose in ward 3, Aurora Village. This revision made Hoose the winner of the nomination.

On the basis of the above factual summary, the Portage county board of elections had the mandatory duty to make this corrected abstract by reason of paragraph 5 of R. C. 3513.22 set out verbatim in the *per curiam* opinion. For this reason alone, relator's mandamus action in Por-

tage county must fail. The Trumbull county prohibition action, predicated as it is upon the Portage county mandamus action and obtaining relief therein, by a parity of reasoning, must likewise logically fail. Under R. C. 2731.01, mandamus commands the performance of an act which "the law specially enjoins as a duty resulting from an office." The Portage county board of elections and Trumbull county board of elections had "a duty enjoined by law resulting from their offices" to take official action on a corrected official abstract of votes cast in Portage county— a duty and official action just the opposite of what relator seeks as relief in both legal proceedings.

The statutory recount procedure under R. C. 3515.04, *et seq.,* initiated by Hoose which could not be completed by physically recounting the marked ballots (by reason of their loss or absence) does not affect or impair another statutory power of the Portage county board of elections to proceed under another chapter of election statutes— chapter 3513, concerning primaries and nominations— specifically paragraph 5, of section 3513.22, hereinabove discussed, which permits the certification of a corrected abstract of vote returns. The two chapters and statutes must be construed in *pari materia* and as complementing each other, neither chapter embracing all election proceedings, but prescribing different routes or modes of procedure for two separate areas of election subject matter. *State, ex rel. Feighan,* v. *Green* (1960), 171 Ohio St. 263, paragraph 2 of the syllabus.

The relator challenges the jurisdiction of the Court of Appeals of Portage county, in case no. 387, to proceed to final judgment in this action after the date respondents filed a notice of appeal to the Ohio Supreme Court from the final order granting a peremptory writ, without hearing, to relator. The Court of Appeals, thereafter, vacated the peremptory writ. Subsequently, this appeal to the Ohio Supreme Court was either dismissed for want of prosecution, or the notice of appeal was removed by order of the Court of Appeals. Relator contends the filing of the notice of appeal directed to the judgment granting a per-

emptory writ caused the Court of Appeals to lose jurisdiction of the subject matter and it lost the right to make further orders in the case. Such a position is untenable.

An appeal on questions of law does not necessarily bring an entire case before the appellate court, but affects only the final order, judgment or decree sought to be reviewed. As to the remainder of the cause, the lower court retains all jurisdiction not inconsistent with that of an appellate court to review, affirm, modify or reverse the final order, judgment or decree from which the appeal was perfected. *In re Kurtzhalz,* 141 Ohio St. 432, expressly approving *Goode* v. *Wiggins,* 12 Ohio St. 341; *Federal Land Bank* v. *DeRan,* 74 Ohio App. 365; *Squire* v. *Guardian Trust Co.,* 47 Ohio Law Abs. 309, 72 N. E. 2d 134; *Fawick Airflex Co.* v. *United Electrical Radio & Machine Workers,* 90 Ohio App. 24.

The jurisdictional objections raised in the *per curiam* opinion, for maintaining an original mandamus action filed in the Court of Appeals for Portage county, is fully supported by the *Pressley* case, *supra,*[1] cited therein, and especially paragraph 4 of the syllabus[2] and on the basis of at

[1]The *Pressley* case was an original action in mandamus filed in the Court of Appeals for Franklin County to compel the Industrial Commission to grant an application for an additional award because of the employer's violation of specific safety requirements. The Court of Appeals granted the writ, and the Ohio Supreme Court in a split four-to-three decision affirmed.

[2]In the *Pressley* case, nowhere in the opinion is there factual support for paragraph 4 of the syllabus which asserts that if the substance of the allegations of the petition make it manifest that the real object of the relator is for an injunction, such a petition does not state a cause of action for an original action in mandamus in the Court of Appeals or in the Ohio Supreme Court. On the contrary, at page 147 and 148 of the opinion in *Pressley,* the exact opposite is stated or inferrable as follows:

"A mandamus action which will lie originally in this court will also lie under statutory mandamus in the Common Pleas Court. How, then, can it be asserted, as is now contended, that a party who has drafted and filed in this court a petition which states a cause of action in mandamus, which mandamus action would also lie in the Common Pleas Court, must be told by this court that it will not exercise original jurisdiction in his mandamus action because he can change the

least five other very recent cases decided by the Ohio Supreme Court. *State, ex rel. Central Service Station, Inc., v. Masheter,* 7 Ohio St. 2d 1;[2] *State, ex rel. Sibarco Corp., v. Berea,* 7 Ohio St. 2d 85; *State, ex rel. Durek, v. Masheter,* 9 Ohio St. 2d 76; *State, ex rel. Danford, v. Karl,* 9 Ohio St. 2d 79; *State, ex rel. Federal Homes Properties, v. Singer,* 9 Ohio St. 2d 95. The same conclusion and reasoning applies to the original action for a writ of prohibition filed in the Court of Appeals for Trumbull county.

In *Sibarco, supra,* where there was an original action in mandamus in the Court of Appeals, relief was denied

---

label on that petition to statutory mandatory injunction and file it in the Common Pleas Court? Such an interpretation is barred by the language of the Constitution, last sentence of Section 2, Article IV, which says that *'no law shall be passed * * * whereby any person shall be prevented from invoking the original jurisdiction of the Supreme Court.'* (Emphasis added.) Therefore, such an interpretation would constitute a circumvention by this court of the Constitution (last sentence of Section 2, Article IV) and the pronouncement of law in *State, ex rel. Toledo, v. Lynch, Aud., supra,* and the express intention of the Constitutional Convention of 1912.

"In this instance, there is no relevant distinction between statutory mandamus and statutory mandatory injunction which permits such a rule. Both remedies provide the same relief."

At page 151, the court said:

"The fact that such a cause of action could also be stated in a petition for a statutory mandatory injunction in the Common Pleas Court is not ground under this rule for dismissing the petition in mandamus."

And at 153: "Mandatory injunction is an *extraordinary* remedy. [Emphasis supplied.] * * * This court cannot make a rule that it is error for the Supreme Court or the Court of Appeals to exercise original jurisdiction in mandamus, where the petition states a proper cause of action in mandamus, upon the ground that there is a plain and adequate remedy available in the ordinary course of the law provided by the statutory remedy of mandatory injunction. * * *"

"This is in accord with R C. 2731.05 which provides: "The writ of mandamus must not be issued when there is a plain and adequate remedy in the *ordinary* course of the law." It does not mention or intend to include the *extraordinary* remedy in equity.

[2]Since *State, ex rel. Central Service Station Inc., v. Masheter, supra,* presents the same legal issue as *State, ex rel. Durek, v. Masheter, supra,* it is difficult to explain why Herbert, J., in his concurring opinion in *Durek, supra,* disagreed with the reasoning of the majority in *Durek, supra,* but said nothing in the earlier *Central Service Station Inc.,* case.

by the Ohio Supreme Court, reversing the Court of Appeals, because there was an adequate remedy at law by administrative appeal under chapter 2506, Ohio Revised Code. In *Durek, supra,* where there was an original action in mandamus in the Court of Appeals, the writ was denied by the Court of Appeals, and the judgment affirmed by the Ohio Supreme Court, for the stated reason that whatever remedy existed should have been asserted by relator in the Common Pleas Court by the appropriate *form* of action—a mandatory injunction or statutory mandamus.[4] *Danford, supra,* concerned an original action in mandamus in the Court of Appeals, and the Ohio Supreme Court held that the writ should be denied because there was a plain and adequate remedy by way of mandatory injunction in the Common Pleas Court.[5] The *Singer* case, *supra,* concerning

---

[4]The holding in *Durek, supra,* is in direct conflict with paragraphs 5 and 6 of the syllabus (and see page 153) in *Pressley, supra,* but the later *Pressley* case does not state, or even suggest, it overrules *Durek.* Mandatory injunction and mandamus proceedings in the Common Pleas Court are both *extraordinary* remedies, and their availability in Common Pleas Court is not a ground for the Court of Appeals or the Ohio Supreme Court to refuse to exercise its original jurisdiction in mandamus. See page 153 of the opinion in *Pressley.*

[5]The holding in *Danford, supra,* is in direct conflict with paragraphs 5 and 6 of the syllabus (and see page 153) in *Pressley, supra,* without being overruled therein. Moreover, the *Central Service Station Inc., Durek* and *Danford* cases, *supra,* conflict with the fundamental principle that a party cannot seek the remedy of injunction, an extraordinary remedy in equity, when he has available a remedy at law (which includes statutory mandamus) as succinctly stated in *State, ex rel. Selected Properties Inc.,* v. *Gottfried,* 163 Ohio St. 469, at page 475 of the opinion:

"* * * The primary function of an injunction is to restrain motion and to enforce inaction, while the purpose of mandamus is to set in motion and to compel action. An injunction ordinarily is employed to prevent future injury, while the purpose of mandamus is to redress past grievances. Clearly the latter is called for here."

Although *Pressley, supra,* at pages 150, 151 and 152, discusses cases where the petition in mandamus stated facts where the real object was mandatory injunction, and the writ accordingly denied, such as *State, ex rel. Stine,* v. *McCaw,* 136 Ohio St. 41; *State, ex rel. Penn Mutual Ins. Co.,* v. *Hahn,* 50 Ohio St. 714; *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Indus. Comm.,* 162 Ohio St. 302, the opinion in

an original action for mandamus relief in the Court of Appeals, and the Ohio Supreme Court held that the writ should not be granted where it is sought as a substitute for an administrative appeal under R. C. chapter 2506.

The foregoing sample of original mandamus actions in the Court of Appeals exhibits the confusion rampant in the area of mandamus proceedings. When a relator seeks a writ of mandamus in the Common Pleas Court, he will be denied relief because he should have sought injunctive relief in that same court, and vice versa. Thus, he would forever be on a judicial treadmill never able to get off and select the correct remedy to afford relief, a total frustration of the purpose and objective of all law and legal remedies. *State, ex rel. Marshall,* v. *Civil Service, Commission,* 11 Ohio App. 2d 84, at pages 89, 90; *reversed* in 14 Ohio St. 2d 226. See The Pitfalls of Ohio Appellate Procedure, 43 O. O. 2d 34.[e]

The *Durek, Danford,* and *Central Service Station* cases, *supra,* appear to have been modified by the *Pressley* case without the majority of the Ohio Supreme Court expressly so stating.

The Ohio Supreme Court in *Pressley,* has thrown a further cloud of uncertainty on the meaning and extent of

*Pressley* does not state how and in what way the petition in the case sought injunctive relief rather than relief in mandamus. On the contrary, allowance of the writ in *Pressley* by the Ohio Supreme Court causes paragraph four of the syllabus to be unrelated to the legal issues therein. *State, ex rel. Toledo,* v. *Lynch, Aud.,* 87 Ohio St. 444; *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission,* 162 Ohio St. 302; *State, ex rel. Killeen Realty Co.,* v. *East Cleveland,* 169 Ohio St. 375; *State, ex rel. Riley Construction Co.,* v. *East Liverpool City School Dist. Bd. of Edn.,* 10 Ohio St. 2d 25; *Perkins* v. *Quaker City,* 165 Ohio St. 120, approved and followed in paragraph five of the syllabus in *Pressley, supra.*

[e]There are many pronouncements, some conflicting, recently of the Ohio Supreme Court denying relief in mandamus in an original action in the Court of Appeals or Ohio Supreme Court on the grounds that another remedy or another court (Common Pleas Court) should have been utilized. It causes reviewing courts in Ohio to refuse or fail to exercise the constitutional powers to hear, consider and determine original actions in mandamus under Section 2 and C of Article IV, Ohio Constitution.

the application of paragraph four of the syllabus thereof, cited in the *per curiam* opinion, by reason of paragraphs five and six thereof which read as follows:

"5. Where a petition stating a proper cause of action in mandamus is filed originally in the Supreme Court, and it is determined that there is no plain and adequate remedy in the ordinary course of the law by way of an appeal, the Supreme Court has no authority to exercise jurisdictional discretion and the refusal to exercise jurisdiction on the ground that either of the extraordinary remedies of statutory mandatory injunction (Section 2727.01 *et seq.*, Revised Code) or statutory mandamus (Section 2731.01 *et seq.*, Revised Code) is available in the Common Pleas Court, is constitutionally impermissible under the last sentence of Section 2 of Article IV of the Ohio Constitution. (*State, ex rel. Toledo,* v. *Lynch, Aud.,* 87 Ohio St. 444; *State, ex rel. Libbey-Owens-Ford Glass Co.,* v. *Industrial Commission,* 162 Ohio St. 302; *State, ex rel. Killeen Realty Co.,* v. *East Cleveland,* 169 Ohio St. 375; *State ex rel. Riley Construction Co.,* v. *East Liverpool City School Dist. Bd. of Edn.,* 10 Ohio St. 2d 25; *Perkins* v. *Quaker City,* 165 Ohio St. 120, approved and followed.)"

"6. The extraordinary remedies of statutory mandamus and statutory mandatory injunction are not plain and adequate remedies in the ordinary course of the law and the availability of these extraordinary remedies in the Common Pleas Court is not a ground upon which the Supreme Court can adopt or adhere to a rule that it is error for the Supreme Court or the Court of Appeals to exercise jurisdiction in a mandamus action filed originally therein. (*Perkins* v. *Quaker City,* 165 Ohio St. 120; *State, ex rel. Selected Properties, Inc.,* v. *Gottfried,* 163 Ohio St. 469; *State, ex rel. Killeen Realty Co.,* v. *East Cleveland,* 169 Ohio St. 375; *State, ex rel. Riley Construction Co.,* v. *East Liverpool City School Dist. Bd. of Edn.,* 10 Ohio St. 2d 25, approved and followed.)'"

---

⁷Paragraphs 5 and 6 in *Pressley,* supra, 11 Ohio St. 2d. 141, without saying so, actually nullify and overrule the cases discussed earlier in this opinion, namely, *State, ex rel. Central Service Station,* v. *Masheter,*

It is for the foregoing reasons that I prefer to base our decision on the substantive law, rather than upon the adjective law and jurisdictional question which is surrounded by the foregoing confusion and uncertainty.

7 Ohio St. 2d 1; *State, ex rel. Durek,* v. *Masheter,* 9 Ohio St 2d 76; and *State, ex rel. Danford,* v. *Karl,* 9 Ohio St. 2d 79. As a minimum, it is impossible to harmonize these three recent cases, namely, *Central Service Station, Durek,* and *Danford,* supra, with the holding in *Pressley,* supra, and the reasoning contained in the majority opinion of O'Neill, J., in *Pressley.*