**SQUIRE, Supt. of Banks etc., Plaintiff, v GUARDIAN TRUST COMPANY et al., Defendant-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County

No. 20317—Decided June 3, 1946

310

Hugh S. Jenkins, Atty. General, Columbus, Krueger, Gorman & Davis, Davis & Young, Cleveland, for plaintiff appellant.

Squire, Sanders & Dempsey, W. Edmund Peters, Boyd, Brooks & Wickham, McKeehan, Merrick, Arter & Stewart, Andrews, Hadden & Putnam, H. H. Pleasant, Thompson, Hine & Flory, Grossman, Carter, Hamilton & Rosenman, Cleveland, for defendants appellees.

**OPINION**

By MORGAN, J.

The Superintendent of Banks of Ohio, as Liquidator of The Guardian Trust Company, brought an action in the Common Pleas Court of Cuyahoga County, against the Directors of the Bank for breach of their fiduciary duties.

Demurrers were filed by the defendants to each of the ninety-seven causes of action contained in the fourth amended petition. The Common Pleas Court filed its entry on Jan. 22, 1946, sustaining some of the demurrers and overruling others.

Demurrers to Causes of Actions 33, 34 and 59 to 97, inclusive, were sustained on the ground that the facts stated in each of said Causes of Action are not sufficient to constitute a cause of action. Demurrers to Causes of Action 1 to 19 inclusive, 21 to 32 inclusive, 35, 37 to 49 inclusive and 51, and as to the claims inserted in paragraphs 9, 11, 13 and 15 and 16 inclusive of the 50th cause of action which are based on transactions alleged to have occurred more than four years prior to the commencement of the action, were sustained on the ground that all causes of action set forth therein are barred by lapse of time.

The demurrers to Causes of Action 36 and 52 to 58 inclusive and to those other transactions in No. 50 not referred to above, were overruled.

The application of plaintiff for leave to file a supplemental petition, supplementing the fourth amended petition with reference to Causes of Action 59 to 96 inclusive, was overruled.

The said journal entry of January 22, 1946, concluded as follows:

"The plaintiff not desiring to amend or plead further as to Causes of Action Nos. 1 to 35 inclusive, 37 to 49 inclusive,

51 and 59 to 97 inclusive, other than in accordance with said application for leave to file supplemental petition, which application has been overruled hereinbefore, and the plaintiff not having asked for leave to amend in respect to said parts of Cause of Action No. 50 to which the demurrers were sustained as hereinbefore set forth, it is adjudged that said defendants may go hence without day under said causes of action and judgment is rendered against plaintiff and in favor of defendants for their costs herein as a result of such causes of action having been included in this case. Said defendants above mentioned are given leave to plead to Causes of Actions Nos. 36 and 52 to 58 inclusive, and those parts of No. 50 which remain in the action, by the 1st day of April, 1946."

On February 6, 1946, the plaintiff filed his notice of appeal in the following words:

"Plaintiff hereby gives Notice of Appeal against defendants to the Court of Appeals of Cuyahoga County (Eighth Judicial District) of Ohio, from a final order or judgment made and rendered by the Court of Common Pleas in the above entitled case against plaintiff and in favor of defendants on January 22, 1946. The Guardian Trust Company was made a defendant and is made an appellee by reason of the provisions of the General Code of the State of Ohio.

Said appeal is on QUESTIONS OF LAW."

Four of the defendants filed a "Motion to Dismiss Appeal or in the Alternative, Dismiss the Appeal insofar as the Case relates to Causes of Actions 59 to 97 of Case No. 438880 upon the Docket of the Court of Common Pleas and as to order refusing to permit the filing of the Supplemental Petition, all of which Motions are embraced in the Order of the Court of Common Pleas from which Plaintiff seeks to appeal" * * * "for the reason that the court has no jurisdiction to hear and determine the same since the order from which the appeal was taken, to-wit, the order of the Court of Common Pleas made January 22, 1946, is not a final order."

Later other defendants to the action filed their motions to dismiss the appeal also for the reason that "said order of the Court of Common Pleas is not a final order."

Defendants at the hearing and in their briefs called the attention of the Court to §12223-2 GC which provides that:

"An order affecting a substantial right in an action when in effect it determines the action and prevents a judgment

\* \* \* is a final order which may be reviewed, affirmed, modified or reversed with or without retrial, as provided in this title."

Defendants contend that "the order" in this case does not determine the action but only determines a portion of the action inasmuch as demurrers were overruled to some of the causes of action. They contend further that the General Code only authorizes a review of a final order, judgment or decree and not a portion thereof.

Defendants have cited a number of cases mostly from other jurisdictions than Ohio in support of their position. Some of these cases hold that an appeal or writ of error does not lie when a judgment, order or decree is rendered on only a portion of the issues or causes in a case, leaving the others undisposed of.

If the decision on the motions before us depended on the construction of §12223-2 GC, if there were no provision of the Constitution of the State on the subject, and no holdings by our Supreme Court, the arguments and citations of authorities by defendants would carry great weight. In Ohio, however, the jurisdiction of the Court of Appeals is fixed by **Art. 4, Sec. 6** of the **Constitution of the State of Ohio** as follows:

"\* \* \* The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo and appellate jurisdiction in the trial of chancery cases and to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law \* \* \*."

This provision conferring jurisdiction upon the courts of appeals cannot be abridged, modified, restricted or enlarged by statute. It was held in **Hoffman v Knollman, 135 Oh St 170, syllabus 3:**

"The jurisdiction of the Court of Appeals is conferred by **Sec. 6, Art. 4** of the **Constitution** and cannot be enlarged or curtailed by legislative action."

The entry of January 22, 1946, above set forth entered final judgment in all the causes of action where demurrers were sustained by the common pleas court. It follows that under **Art.**

**4, Sec. 6** of the **State Constitution** this Court of Appeals is given jurisdiction to "review, affirm, modify or reverse" the said judgment.

Decisions of our supreme court are to the effect that a judgment or final order may be reviewed by the court of appeals although another part of the case may be still pending in the common pleas court.

In **Forest City Investment Co. v Haas, 110 Oh St 188** the supreme court passed on the question whether an order appointing a receiver is a final order which may be reviewed by the Court of Appeals. The argument that the appointment of a receiver is not a final order follows closely the argument advanced by defendants in this case. The court said (page 191):

"Those who urge an opposite view, who argue that the appointment and discharge of receivers are not reviewable orders, base their argument upon the fact that when a case is reviewed either by error or appeal it should not be reviewed piecemeal but that the entire case should be heard on review, thus avoiding a multiplicity of hearings." The supreme court, however, held to the contrary (syllabus 1):

"An order appointing a receiver is an order affecting a substantial right made in a special proceeding and is a 'final order' within the meaning of §12238 GC."

In **Bingham v Nypano R. R. Co., 112 Oh St 115**, plaintiff combined two causes of action, in his amended petition, the first being for a reformation of the contract and the second being for damages for a breach of the contract as reformed. The court held, syllabus 2:

"It is permissible practice to state separate causes of action in a single petition, one of which may be for reformation of contract and the other for damages predicated upon the breach of the contract as reformed. The first is a chancery proceeding which should be heard and determined by the court in advance of the trial of the second cause."

The court in its opinion said:

"The plaintiff pleaded facts which if proven entitled him to a reformation. The court proceeded to determine that question on the chancery side of the court in advance of a determination of the second cause of action, which involved a

case at law. No jury was demanded upon the trial of the first cause of action and upon determination in plaintiff's favor, and a rendition of a judgment of reformation the railroad company was entitled to appeal from that judgment. * * *."

See: **State ex rel v Meals, 93 Oh St 391.**

For the reasons stated, all of the motions to dismiss plaintiff's appeal are overrueld.

SKEEL, PJ, LIEGHLEY J, concur.