## OHIO NATIONAL LIFE INS. CO., Plaintiff-Appellee, v STRUBLE, ET, Defendants-Appellants.

Ohio Appeals, First District, Hamilton County.

No. 6826.   Decided July 7th, 1947.

Bettinger, Schmitt & Kreis, Cincinnati, and Bert H. Long, Cincinnati, for plaintiff-appellee.

Robert N. Gorman, Roy L. Struble and Harold C. Knecht, all of Cincinnanti, for defendants-appellants.

## OPINION

By MATTHEWS, PJ.

The motion to remand, etc., this case presents to the Court the question of whether the order appealed from is a final order. If it is not, the jurisdiction of the Court is limited to dismissing the appeal, which, in effect, is no more than an order striking papers from the files of this Court and returning them to the files of the Court from which they should not have been taken. No order to that Court could be made. If it is a final order, this Court has jurisdiction, and should proceed in due course to hear the appeal on its merits.

The plaintiff's petition in this case sets forth an action for a judgment declaring whether certain proceedings for its mutualization, under §9364-1, et seq., GC, are valid, and the rights of the defendants as dissenting stockholders. After this petition was filed, the defendants, acting on behalf of themselves, the corporation, and other stockholders, filed an independent action seeking an injunction against the mutualization, or, in the alternative, in the event the injunction should be denied, that the Court fix the fair cash value of their stock.

Later, on motion, an order was made consolidating these two actions and directing that the second amended petition filed in the other action should stand as the answer and cross-petition herein.

After certain amended pleadings were filed, this action finally came on for trial and eventually an order was made in the following language:

"This cause came on for hearing on the pleadings, the evidence and briefs of counsel and was argued and submitted to the court, and on June 15, 1943, the court rendered an opinion, which was journalized as the Findings of the Court; thereafter the defendants filed a motion for a new trial and a motion for judgment in their favor, which said motions were argued to the Court, and the Court, being fully advised in the matter, and upon consideration thereof finds that neither of said motions is well taken and hereby overrules the same; and the Court desiring to make effective its opinion and finding of June 15, 1943, and to declare the rights of the parties hereby declares, adjudges and decrees that §§9364-1 and 9364-8 GC, both inclusive, are constitutional and valid enactments, that the Plan of Mutualization as set forth in the petition was duly adopted by the plaintiff in accordance with the provision of said Sections of the General Code of Ohio, and is free from fraud, actual or constructive, and is in all respects valid.

"To all of which the defendants except.

"The Court further finds that the Defendants, Roy L. Struble and Harold C. Knecht, as the owners respectively of 37 and 32 shares of stock in the plaintiff company and as dissenting stockholders are entitled to be paid the fair cash value of such shares as of July 29, 1941, in accordance with the provisions of §9364-a (a) GC, and the Court hereby appoints Hugh D. Rankin and Wm. M. Corcoran and Cecil L. Hall as appraisers to determine the fair cash value of said shares, and hereby directs said appraisers to proceed to make such determination and to report the same to this Court within          days.

"Defendants except to the placing of this entry upon record before the entire case is disposed of as contrary to the ruling in **Von Gunter v New Justice Coal Company, 147 Oh St 511.**"

The appeal was taken from that order.

By complying with §9364-1 GC, a domestic stock life insurance corporation is given the absolute right to convert itself into a mutual life insurance corporation. When a majority of the stockholders and a majority of the policyholders have approved the plan, and the other conditions have been complied with, minority stockholders have no power to veto the plan. Their alternative is either to accept the plan, or, by invoking the procedure set forth in §9364-2a GC, have the fair

cash value of the stock determined in the manner provided therein. The proceeding therefor is by petition, and, upon finding that the stockholder is entitled to have the fair cash value of his stock, the court appoints three appraisers to determine the value, and the cause proceeds to judgment as therein provided. The proceeding is entirely statutory and special and is so declared in §9364-2a GC, in these words:

"Such a proceeding shall be deemed to be a special proceeding within the meaning of §12223-2 GC, and final orders therein may be reviewed, affirmed, modified or reversed as provided in title V, part third, of the General Code."

The proceeding by the corporation to convert from a stock to a mutual company precedes the institution of the special proceeding to have the stock of a dissenting stockholder valued. The validity of the corporate action is not drawn in question in that proceeding. The only questions that arise therein are whether the stockholder has taken the requisite steps to assert his right to the fair cash value of his stock and what that fair cash value was.

The plaintiff's petition did not set forth a cause of action under §9364-2a GC, to have the value of the defendants stock fixed. It set forth a cause of action for a judgment declaring that its proceedings for mutualization were valid and binding upon both consenting and non-consenting persons. When the Court made that declaration, it granted all the relief to which the plaintiff was entitled, and by §12102-1 GC, "such declarations shall have the force and effect of a final judgment or decree." No further judicial act was left to be performed. The special proceeding to fix the value of the dissenters' stock necessarily followed in point of time and was predicated upon a valid mutualization action by the corporation. So far as the corporate action was concerned, it was entirely irrelevant. The right to the fair cash value arose out of the mutualization proceeding, but was not involved in it. It is only because of the consolidation of these two cases that the validity of the mutualization plan and the proceeding to fix the fair cash value of the dissenters' stock appear to be involved with one another. Normally, they would be entirely separate and distinct. If there is any relationship, the proceeding to fix the value of the stock is collateral and ancillary, following the declaratory judgment and to carry it into effect. In this respect it resembles the case of State, ex rel. v Meals, 93 Oh St 391, in which the Court said, at page 395, of an order granting an in-

junction, ordering an accounting and appointing a referee, that:

"The general equities of the case were found in favor of the plaintiff, and while the further order of the court was necessary to carry into effect the right settled by the order, it was merely auxiliary to or in execution of the order of the court made on the merits of the case, and we are of the opinion that the court of appeals had jurisdiction of the subject-matter on appeal."

Counsel cites Von Gunten v New Justice Coal Co., 147 Oh St 511, as repudiating the "proposition a ruling of the court could be split and two judgments rendered" even though the action is part in law and part in equity. Without doubt, the Court did hold in that case that "Where only part of the issues are submitted to and determined by the jury, proceedings for a new trial, taken before there is a finding upon, or decision of, the remaining issues by the court, are premature" but that falls far short of a holding that in no case may a final order be made unless thereby every issue between the parties is thereby adjudicated. What the court said must be construed in the light of the facts of the case and in the light of those facts it is clear that the court had no intention of announcing that there could never under any circumstances be but one final order or judgment in any case. When we remember the liberality with which causes of action may be joined in this state, the impracticability of such a rule becomes apparent. That there is nothing sacrosanct in the common law rule that only one final judgment could be rendered is clear. Beauvais v Springfield Institute of Savings, 124 A. L. R. (Mass.) 611. That rule presupposed that only one cause of action was present. It was established long before the statutes were enacted greatly enlarging the right to join causes of action. It was never intended to apply to an action like the present where, by consolidation, a civil action and a special proceeding have been joined in a single action.

The Von Gunten case was a controversy between the parties arising out of a lease of coal land. Each claimed the other had violated various provisions of the lease and prayed for both legal and equitable relief. While the plaintiff's petition in form contained several causes of action, in legal effect, it stated one cause of action for several breaches of the terms of the lease. 9 O. Jur. 627. In Cockley v Brucker, 54 Oh St 214, at 227, it is said:

"If from the nature of the contract, and the breach thereof, the party injured has sustained damages, and has also other property rights under the contract, he must include his whole claim in one action, and if he omits a part, and recovers judgment for a part only, he cannot sustain another action for the omitted part, because the whole injury caused by the breach of the contract, is merged in the judgment recovered on the part sued for. A single cause of action cannot be split up into two or more causes of action; neither can two or more actions be sustained against the same party, on a single cause of action."

See, also, 1 Am. Jur., 487. The controversy between the parties in the Von Gunten case related to a single contract. There was no separate and distinct cause that could be adjudged without disposing of the whole case. It was in the light of those facts that the court held that so long as any issue between the parties remained undetermined, there could be no finality to any order and that the verdict of a jury deciding some issues, but not all, was not such a verdict as started and running of time within which a motion for a new trial should be filed.

It has long been the rule in this state that a court could finally dispose of a separate and distinct cause of action and reserve other issues for future consideration and adjudication, without destroying the finality of the order made. In **Teaff v Hewitt, 1 Oh St 511,** the plaintiff sued to foreclose a mortgage and to enjoin certain mortgagor's creditors from detaching fixtures from the mortgaged premises. The mortgaged premises were sold under a decree of the court, the injunction dissolved as to some of the fixtures, and a master appointed to determine what the fixtures would have sold for had the sale not been delayed by the injunction. After the master had reported, a judgment for money was rendered against the plaintiff in favor of some of the mortgagor's execution creditors. An appeal was taken and one of the questions presented was whether the appeal opened up "the merits of the case touching the property as to which the injunction had been dissolved." The court held that this appeal brought for review only the decree based on the master's report and left undisturbed the decree under which the mortgaged premises had been sold. On this subject, the court, at pages 520 and 521, said:

"A final decree is one which determines and disposes of the whole merits of the cause before the court or a branch of

the cause which is separate and distinct from the other parts of the case, reserving no further questions or directions for future determination: so that it will not be necessary to bring the cause or that separate branch of the cause again before the court for further decision. It is true, that after final decree defining and settling the rights of the parties, further orders or decrees may be necessary to carry into effect the rights settled by the final decree on the merits; such a decree confirming a sale, or confirming the proceedings or report of a Master, carrying into effect the terms of the final decree. This, however, is a subsequent proceeding, and only auxiliary to or in execution of the final decree on the merits of the case. And an appeal from a decree in this subsequent proceeding, brings nothing before the court except the proceedings which follow the final determination of the merits, **Hey v Schooley, et al., 7 Ohio Rep.** 49, 5 Cranch 313; 10 Wheat. 442. An interlocutory decree is one which leaves the equity of the case, or some material question connected with it, for future determination. Where the further action of the court is necessary to give the complete relief, contemplated by the court upon the merits, the decree under which the further question arises, is to be regarded not as final but as interlocutory. Cocke v Gilpin, 1 Rob. va. 20.

"The case before us presents a double aspect for the subject matter of a decree. The object of the bill was to sell the mortgaged premises and apply the proceeds of the sale to the payment of Hewitt's indebtedness to complainant, and also to enjoin the proceedings under the judgments of the other creditors of Hewitt, and prevent the sale of the machinery in the manufactory, which the complainant claimed to be a part of the realty and to be covered by his mortgage. After the dissolution of the injunction, the respondents who were judgment creditors of Hewitt, sold the property as to which the injunction was dissolved, on execution. At the May term of the common pleas 1850, Teaff the complainant took his decree upon one branch of the case against Hewitt for the amount of his debt with interest and cost of suit, and in default of the payment of the same, for the appraisement and sale of the mortgaged premises, including the steam engine and boilers, as to which the injunction had not been dissolved. The decree upon this branch of the case, at that term was complete and final; no further action of the court was requisite. The defendants did not appeal from this decree, but acquiesced in it; and this part of the case is not now in controversy, as it appears, between the parties."

See, also: **Evans v Dunn, 28 Oh St 439; McRoberts v Lockwood, 49 Oh St 374.** The Ohio definition seems to conform to that of other jurisdictions. 31 Am. Jur., pp. 93, et seq., (Sections 434 and 435).

We, therefore, hold that the order of April 19th, 1947, is a final order or judgment, and that this Court has jurisdiction, to review it on appeal. For that reason, the motion to remand or dismiss this appeal is overruled.

ROSS and HILDEBRANT, JJ, concur in Syllabus, Opinion and Judgment.