**Reginald M. BONDURANT, Jr., Appellant,**

v.

**Hortencia J. BONDURANT, Appellee.**

**No. 5695.**

District of Columbia Court of Appeals.

Argued July 20, 1971.

Decided Nov. 1, 1971.

Robert A. Harris, Washington, D. C., with whom James A. Mitchell, Washington, D. C., was on the brief, for appellant.

Walter W. Johnson, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

HOOD, Chief Judge:

Appellant-husband appeals from a judgment granting appellee-wife an absolute divorce on the ground of voluntary separation, declaring the parties equal owners of Maryland realty held as tenants by the entirety, awarding custody of the minor child to the wife and directing the husband to pay child support and attorney's fees.

On February 3, 1969 the wife left the family home in Maryland and established residence in the District of Columbia. Approximately 1 year and 2 weeks later, on February 17, 1970, the husband filed suit for divorce on the ground of desertion. On March 22, 1970 the wife counterclaimed for an absolute divorce on the

ground of 1 year voluntary separation.[1] She alleged that the parties had separated in October 1968 upon moving into separate bedrooms, that there had been no cohabitation since that date, that she left the home in February 1969 and that the separation (from October 1968) was voluntary and without interruption for more than 1 year next preceding the filing of the counterclaim.

■ The husband on this appeal contends that the court was in error in granting the wife a divorce on the ground of voluntary separation. He argues that the evidence did not support a finding of voluntary separation for 1 year prior to the filing of the wife's counterclaim. The trial court's finding number 8 reads as follows:

That the separation of the plaintiff and the defendant on February 3, 1969, if not voluntary on the part of the plaintiff at its inception, did mature and ripen into a voluntary separation on the part of both parties by virtue of the silent acquiescence therein on the part of the plaintiff after the date of the initial separation.

In its finding number 10 the trial court recited "that the plaintiff and the defendant have been voluntarily separated for more than one year prior to the filing of the complaint filed herein without cohabitation."

Somewhat confusing is the court's reference in its finding number 6 to the "final separation of the parties on February 3, 1969" and its reference in finding number 10 to "the initial separation on February 3, 1969", but it appears plain that the court considered the separation of the parties whether called initial or final to have been February 3, 1969. The claim of the wife in her complaint that the separation began in October 1968 clearly is without foundation for the evidence unequivocally shows that the parties, while forbearing from "bed" nevertheless shared a "board" and up until the wife left on February 3, 1969 the parties went out together socially, entertained friends in their home and ate their meals together with considerable degree of regularity. During that period they were not leading "separate lives".[2]

In reviewing the record for evidence of the husband's acquiescence in the separation our inquiry must be limited to the 6½-week period between the separation on February 3, 1969 and March 22, 1969, the date 1 year prior to the filing of her counterclaim.[3] It is clear that in finding number 8 the trial court did not find that the separation on February 3, 1969 was voluntary. It found that the separation "if not voluntary on the part of the plaintiff [husband] at its inception, did mature and ripen into a voluntary separation" by virtue of his silent acquiescence therein. Significantly, the trial court did not find the date on which the separation did "ripen into a voluntary separation". To constitute a voluntary separation of 1 year prior to the wife's counterclaim the separation would have had to ripen sometime between February 3, 1969 and March 22, 1969. Without a specific finding as to the date that the separation ripened into a voluntary separation, the award to the wife cannot stand.

It is doubtful on the record before us that the trial court could have found a date within that short period on which the sepa-

---

1. D.C.Code 1967, § 16–904 permits the granting of a divorce for desertion for 1 year or voluntary separation from bed and board for 1 year.

2. *See* Hawkins v. Hawkins, 89 U.S.App. D.C. 147, 191 F.2d 344 (1951).

3. To entitle the wife to a divorce there must have been a voluntary separation for a period of 1 year prior to the filing of her complaint. Roberts v. Roberts, 95 U.S.App.D.C. 382, 384, 222 F.2d 408, 410 (1955) ; Smith v. Smith, D.C.App., 256 A.2d 833, 836 (1969) ; Johnson v. Johnson, D.C.App., 221 A.2d 85, 86 (1966) ; Henderson v. Henderson, D.C. App., 206 A.2d 267, 269 (1965).

ration became voluntary. There is little if anything in the husband's testimony that would justify such finding, and the wife's testimony was mainly directed at attempting to show that because of the unhappy marriage her departure on February 3, 1969 was with the consent of the husband.

In many cases the exact date when a separation, not voluntary in its inception, ripens into a voluntary separation is not material, because the event, usually gradual in nature, occurs well before the statutory 1 year period. Here, however, when the "ripening" must have occurred in a period of a few weeks, it is necessary that the trial court find and specify the exact or at least approximate date in order to satisfy the jurisdictional requirement of 1 year's voluntary separation prior to filing the complaint.

The case must be remanded for a new trial before another trial judge. In taking this action we mean no disapproval of the judge who tried the case. We merely recognize the difficulty the judge, who had heard the case and found in favor of the wife, would have in affording both parties a new and impartial hearing.

█ In ordering a new trial on the issues of desertion and voluntary separation, we must also reverse and order a new trial on the issue of the property rights of the parties, as it is possible the finding of a voluntary separation influenced the award of property rights. However, we find that the issue with respect to award of custody and support for the child was properly tried, that no error appears therein, and that part of the judgment should be and is affirmed.

█ In conclusion we note that the trial court purported to enter the following judgment with respect to the real estate:

That the joint tenancy in the real property located at 13305 Partridge Drive, Silver Spring, Maryland, be, and the same hereby is, dissolved; and that each party shall be equal, fifty (50%)

per cent owners of said property as tenants in common.

A District of Columbia court has no power to enter a judgment dissolving title to real estate in another jurisdiction. If the court determines that the wife has an interest, claim or right, legal or equitable, in the real estate in Maryland, title to which is held by the husband and wife, it may order the husband to convey to the wife that which is found to belong to her. Argent v. Argent, 130 U.S.App.D.C. 46, 396 F.2d 695 (1968).

The judgment with respect to the custody and support of the minor child, and attorney's fees and court costs is affirmed.

The judgment with respect to the grant of a divorce and award of property rights is reversed and a new trial ordered on these issues.

Affirmed in part.

Reversed in part.