C. Ellis QUARLES, Jr., Appellant,

v.

Sarah B. QUARLES, Appellee.

Nos. 9009, 9071 and 9078.

District of Columbia Court of Appeals.

Argued Oct. 14, 1975.

Decided March 12, 1976.
Rehearing Denied April 13, 1976.

Guy M. Bayes, Washington, D.C., for appellant.

Harold F. Golding, Washington, D.C., for appellee.

Before KERN, NEBEKER and YEAGLEY, Associate Judges.

PER CURIAM:

We review here three orders entered by the Superior Court following the trial of a divorce action. Appellant-husband contends (1) that the orders directing him to pay child support of $500 monthly and raising the attorney fees payable to the appellee from $1,500 to $2,500 constituted abuses of the trial court's discretion; and (2) that the trial court improperly granted appellee's request for an order requiring him to transfer all of his rights and interest to the family homesite in Wheaton, Maryland, and to convey a one-half interest in a tract located in Louisa County, Virginia, both held by the parties as tenants by the entirety during their second marriage.[1] We affirm.

Appellant, C. Ellis Quarles, left the family's Wheaton home in 1969. He moved to the District of Columbia and in August 1973, filed an action for absolute divorce on the ground of voluntary separation. Following the trial, the trial court, on April 4, 1974, granted appellant an absolute divorce and sole ownership of one-half of the Virginia property. By the same order appellee, Sarah B. Quarles, was granted custody of the parties' two minor children,[2] attorney fees of $1,500,[3] and sole ownership of the Wheaton property and a one-half interest in the Virginia tract. Appellant's attempted appeal of the order was dismissed because of his failure to file the notice within the time prescribed by the rules of this court.[4]

The court made no immediate provision for child support but held the matter in abeyance pending a referral to an Auditor-Master for findings concerning appellant's ability to pay an award. Following four days of hearings before a Deputy Auditor-Master, a comprehensive report was filed in which the Auditor reviewed the evidence and concluded that the appellant had a fluctuating net business income in the "minimum range" of $18,000 to $25,000 annually. The trial court adopted the report and, on August 23, 1974, entered an order directing that appellant pay an award of $500 monthly for the support of the parties' two minor children. Upon motions filed by the appellee, the court entered two additional orders on September 27, 1974, one raising the award of attorney fees to $2,500 to compensate appellee for her expenses before the Auditor, the other requiring appellant to execute the instruments necessary to effect the disposition of the parties' jointly held property decreed by the court in its order of April 4. Appellant's timely appeals of the three orders were consolidated for purposes of this review.

Appellant premises his attack on the awards primarily on his contention that the finding regarding his income made by the Auditor and adopted by the trial court is not supported by the record and that, as a consequence, the figures set for child support and appellee's attorney fees exceeded the court's discretion.

Appellant is a businessman of long experience who, for a number of years, has operated an employment agency and a real estate enterprise engaged in the purchase, renovation and rental of housing properties. Although he characterized himself as a man of meager circumstances, a claim not uncommon in actions of this kind, the evidence produced by the parties tended to show that his financial condition was con-

---

1. The parties were married a second time in September 1960.

2. The parties' eldest daughter, born during their first marriage, had reached her majority prior to trial.

3. The court explicitly stated in its order that the award of attorney fees was entered with-

out prejudice to a claim by appellee for such further legal fees as she might incur in the subsequent proceedings before the Auditor-Master.

4. *Quarles v. Quarles*, No. 8629 (D.C.App., August 29, 1974).

siderably less precarious than his own description suggested. Specifically, the evidence indicated, and the Auditor so found, that he had real estate holdings outside the District of a net value in excess of $50,000;[5] that he had an indeterminate interest in four properties located within the District of a total assessed value of approximately $23,000;[6] and that the income flowing through his business accounts had averaged $3,000 monthly in the period from January 1971, to May 1974.[7]

It is beyond the province of our review to substitute our own interpretation of the evidence for that reached by the primary finder of fact. Our review here is instead limited to a determination of whether, in light of the entire record, the Auditor's findings as approved by the trial court are so incongruent with the evidence as to be "plainly wrong or without evidence to support" them.[8] We find no such variance. To the contrary, we agree with the trial court that the report filed by the Auditor represented the product of a diligent attempt to disentangle appellant's confused business interests, and arrive at the best estimate of his annual income the record allowed. The findings are supported by the evidence.

Having determined that the Auditor's estimate of appellant's income was not improperly adopted by the trial court and noting that the appellee, who was charged with the care of the parties' two minor children, was found at the time of trial to have a net annual income of only $6,500,[9] we conclude that the award of $500 monthly for child support was not so excessive as to constitute an abuse of discretion. We reach a similar conclusion with respect to the award of attorney fees. By its order of April 4, 1974, the trial court set the award at $1,500 but specifically stated within the text of that decree that it was entering the award without prejudice to a future claim by the appellee for the legal expenses she might incur in subsequent proceedings. The raise from $1,500 to $2,500 was considerable but in view of the length of the Auditor's hearings and of the preparation required of appellee's counsel to participate effectively in the dissection of appellant's business affairs, it was not so large as to compel upset on appeal.

Finally, we find no error in the trial court's order of September 27, 1974, directing appellant to execute deeds to the appellee for the parties' jointly held property. It was a reasonable solution and properly within the exercise of the trial court's in personam jurisdiction over the parties. *Bondurant v. Bondurant,* D.C. App., 283 A.2d 26 (1973); *Argent v. Argent,* 130 U.S.App.D.C. 46, 396 F.2d 695 (1968). Although the April decree was ineffective to accomplish a transfer of title to the appellee by its own force since both properties were located outside the District of Columbia,[10] it was effective as a deter-

---

5. The Auditor determined the $50,000 figure to be the combined total of appellant's own interest in the various properties with which he was associated outside the District of Columbia excluding the family's home in Wheaton, Maryland. The figure includes appellant's proportionate share in two properties in which he had only a partial interest.

6. The "assessed value" of real property within the District is set by the local authorities for purposes of taxation at a value approximately 60% of the property's estimated market value.

7. Appellant claimed that he had transferred a substantial portion of his interest in both the real estate operation and employment agency to his business partner, now wife, Leola Smith, but was unable to produce satisfactory documentation of the alleged transfers or produce adequate evidence to demonstrate conclusively that actual consideration for the claimed transfers had in fact exchanged hands.

8. D.C.Code 1973, § 17–305(a); Super.Ct. Dom.Rel.R. 52(a), 53(e)(2).

9. At the time of trial, appellee was earning a gross salary as a telephone operator of $11,175 annually.

10. *Bondurant v. Bondurant, supra; Argent v. Argent, supra.*

mination of property rights as between the parties. D.C.Code 1973, § 11–1101(8).

■ The decree of April 4, 1974, insofar as it concerned the disposition of property and the divorce itself, was a "final order" subject to review on appeal within the customary period of limitation set out in the rules of this court.[11] Although the trial court left the determination of child support open to await a further hearing and findings by the Auditor concerning the extent of appellant's ability to pay an award, the pendency of that determination did not impair the finality of the judgment on the other issues or extend the time allowed for appeal. *Cf. Guerrero v. Shafritz,* D.C. App., 206 A.2d 262 (1965); *Klever v. Seawall,* 65 F. 373 (6th Cir. 1894); *Gross Income Tax Division v. National Bank & Trust Co.,* 226 Ind. 293, 79 N.E.2d 651 (1948); *Ohio Nat. Life Ins. Co. v. Struble,* 80 Ohio App. 531, 76 N.E.2d 420 (1947); *Squire v. Guardian Trust Co.,* Ohio App., 47 Ohio L.Abs. 309, 72 N.E.2d 134 (1946). The resolution of those issues became final when, after 30 days the time for appeal expired and that judgment became the law of the case.[12]

■ Appellant argues, without merit, that the trial court lacked jurisdiction to grant appellee's motion to compel him to deliver deeds to the out-of-state parcels because the motion was not filed until September 4, 1974. The motion did not, as appellant erroneously contends, seek a modification of the April decree but sought only to implement a portion of its mandate. Super.Ct.Dom.Rel.R. 59(e) regarding motions to alter or amend a judgment was inapplicable and it is of no consequence that appellee did not comply with the requirement of that rule that such a motion be filed within ten days after the decree is entered.

11. *See* D.C.App.R. 4.

12. Finding that the real property portion of the April decree was a "final order", we need not reach the effect of D.C.Code 1973, §

As we find no error in the resolution of the issues discussed above and no merit in the other contentions raised by appellant, the three orders challenged in this appeal are hereby

*Affirmed.*

11–721(a)(2)(C), which permits review of an interlocutory order "changing or affecting the possession of land."