Columbia WILLIAMS, Appellant,

v.

Lisbon WILLIAMS, Appellee.

No. 10354.

District of Columbia Court of Appeals.

Argued Nov. 9, 1976.

Decided Sept. 30, 1977.

S. Richard O'Day, Rockville, Md., for appellant. Michael R. Gordon, Baltimore, Md., also entered an appearance for appellant.

Dovey J. Roundtree, Washington, D.C., for appellee.

Before FICKLING,* GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant seeks to have overturned a judgment granting appellee an absolute divorce on the ground of voluntary separation for more than one year without cohabitation pursuant to D.C.Code 1973, § 16–904, and dismissing appellant's counterclaim for an absolute divorce on the ground of adultery. Appellant contends that several errors were made in the court below, but we

* Associate Judge Fickling was a member of this division at the time the case was argued but did not participate in the decision as he died before the opinion was published.

need deal with only two of the assignments of error.[1]

■ Appellant maintains that the lower court lacked jurisdiction to enter a decree of divorce because neither party had been a resident of the District of Columbia for one year at the time the complaint was filed as is required by D.C.Code 1973, § 16–902. This assertion is based on the fact that seven months prior to filing her complaint in Superior Court appellee had filed a complaint for divorce in Montgomery County, Maryland, in which she averred that she was a resident of Montgomery County. This was explored in the trial court here and its finding that appellee was a resident of the District of Columbia for the requisite period of time may not be disturbed unless it is found to be clearly erroneous. *Springer v. Springer*, D.C.App., 248 A.2d 822 (1969). Such a conclusion is not warranted here because there is evidence to support the court's finding. Consequently, there was jurisdiction of this cause of action.

Appellant contends our decision in *Bondurant v. Bondurant*, D.C.App., 283 A.2d 26 (1971), requires a reversal. In *Bondurant*, the wife had counterclaimed on March 22, 1970 for an absolute divorce on the ground of voluntary separation for more than one year, and it had been granted. The wife had left the family home on February 3, 1969, a parting which the trial judge had not found to have been voluntary. The trial judge found, however, that the separation had matured into a voluntary separation by virtue of the husband's silent acquiescence. This court held that, because the

period of time between the date when the plaintiff-wife had moved out of the family home and the date one year prior to the filing of her counterclaim was only six weeks, it was necessary that the trial court find "the exact or at least approximate date" when the separation ripened into a voluntary separation in order to satisfy the jurisdictional requirement of D.C.Code 1973, § 16–904. Because the trial judge had not made such a finding, the case was reversed and remanded for a new trial.

■ The facts of this case are quite similar to those of *Bondurant*. Mrs. Williams moved out of the family home on June 11, 1971 and filed a complaint for an absolute divorce on September 14, 1972.[2] At the time of trial, a person who sought a divorce on the ground of voluntary separation was required to prove a voluntary separation for a period of one year prior to the filing of the complaint. *Bondurant v. Bondurant, supra* at 27 n. 3. The trial court did not find that the separation was voluntary at its inception. Therefore, it became incumbent upon the trial court to make a finding as to when the separation became voluntary in order to determine whether the separation satisfied the jurisdictional requirement of a one year's voluntary separation prior to the filing of the complaint. *Id.* at 28. Because the trial court did not find when the separation became voluntary during the three months preceding the beginning of the jurisdictional one-year period, there was no support for the determination that the jurisdictional prerequisite of a one year's voluntary separation had been

1. Appellant also contended that: (1) the lower court had erroneously ruled that the alleged co-respondent had not been validly served; and (2) the evidence was not sufficient to support a finding that the separation was voluntary and mutual as is required by D.C.Code 1973, § 16–904. As to appellant's first contention, the court correctly ruled that the appellant's process server had failed to make a proper return. Because appellant failed to make the alleged co-respondent a party, his counterclaim for divorce was not maintainable, D.C.Code 1973, § 16–917, and therefore it was properly dismissed. Because the case is being remanded, it is not necessary to deal with the second contention, as will appear later in the opinion.

2. This cause of action was dismissed on at least two occasions—March 15, 1973 and October 29, 1973—for failure to prosecute pursuant to Super.Ct.Dom.Rel.R. 41(f). Shortly after each of the above dates, the cause was reinstated. The effect of the reinstatements is to restore the action to its predismissal status. *York & York Construction Co. v. Alexander*, D.C.App., 296 A.2d 710 (1972). Accordingly, we are required to conclude that the suit was filed on September 14, 1972, the date stamped on appellee's complaint for divorce by the Clerk of the Superior Court.

satisfied. The record does not show that the separation had become voluntary during the three months. Yet, a finding that the separation had become voluntary by the beginning of the jurisdictional one-year period would be essential in order to satisfy the statutory requirement.

Under *Bondurant*, it would be necessary to remand the case for a new trial on the issue of voluntary separation. Under the law existing at time of trial, the issue of the property rights of the parties would also be retried because the finding of a voluntary separation may have influenced the award of those.

While we must remand the proceeding, there are some unusual circumstances to be considered upon remand. Only recently, and subsequent to the trial in this case, and for that matter after argument on appeal, there became effective in this jurisdiction a new divorce law (District of Columbia Marriage and Divorce Act, No. 1–193, 23 D.C. Reg. 5869 (1977)). Insofar as pertinent, the new law reduces substantially the requirements for a divorce based upon separation. Consequently, in the circumstances of this case, we should think that in applying the new statute on remand the principal issue relating to separation should become rather simplified, as should the proceedings.[3] We leave open to the court on remand the matter of property settlement.

We conclude that the award of custody and support for the minor child and attorney's fees were proper and therefore to this extent the judgment is affirmed.

*Affirmed in part; remanded in part.*

---

3. *See, e. g., Fox v. Superior Court for County of Maricopa*, 21 Ariz.App. 284, 518 P.2d 1001 (1974).